420 A.2d 631

**COMMONWEALTH of Pennsylvania,**

v.

**Paul HELVY, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 23, 1978.

Filed June 13, 1980.

Andrew J. Achman, Pittsburgh, for appellant.

W. Christopher Conrad, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before VAN der VOORT, SPAETH and MONTGOMERY, JJ.

PER CURIAM:

This is a direct appeal, nunc pro tunc, from a judgment of sentence following a jury trial in which appellant was convicted of Possession With Intent to Deliver and Delivery on July 25, 1975. This case has a very complicated procedural history as demonstrated by the following: Appellant was initially sentenced by Judge Albert A. Fiok on July 26, 1975 to two consecutive four to eight year terms. On August 5, 1975, trial counsel filed boiler–plate post verdict motions which were denied on November 25, 1975. No appeal was thereafter taken. On October 8, 1976, with new counsel,

William Haushalter, representing appellant, a hearing was held to determine whether appellant's appeal rights had been denied. Therein, Judge Samuel Strauss found the rights to have been so denied, and vacated the judgment of sentence imposed by Judge Fiok and resentenced appellant to the same term thereby reinstating his right of appeal. An oral motion was made by counsel to file additional post trial motions, and this was denied. On February 23, 1977, Attorney Haushalter filed a Rule to Show Cause Why Judgment of Sentence Should Not be Vacated which was denied; however, no direct appeal was ever taken from the new imposition of sentence. On June 20, 1977, appellant, himself, petitioned this court for Allowance of Appeal Nunc Pro Tunc. On June 30, 1977, this court, by way of per curiam order, remanded the case to the court below "to be treated as, and proceed under, the provisions of the P.C.H.A." On July 19, 1977, Attorney Hauschalter filed a petition to withdraw his appearance. This request was granted and present appellate counsel was appointed to represent appellant by Judge George Ross. On March 21, 1978, pursuant to Superior Court order, a P.C.H.A. hearing was held before Judge Ross. Therein, testimony was taken on the issue of trial counsel's effectiveness, but the court declined to make a determination on this matter. Instead, at the conclusion of the hearing, Judge Ross entered an Order reinstating appellant's direct appeal rights with regard to the sentence imposed by Judge Strauss. On April 13, 1978, an appeal was filed with this court. Following oral argument in October, 1978, this case by way of per curiam order, 261 Pa.Super. 611, 396 A.2d 824 was remanded to the lower court for "the purpose of making findings of fact and conclusions of law on the effectiveness of trial counsel, and the rendering of a decision on that issue, based on the evidence taken at the hearing conducted by the Honorable George Ross." This order was filed on November 17, 1978. Thereafter on December 13, 1978, another hearing was held before Judge Ross. No further testimony was taken, rather the court decided to examine the record and make its findings and conclusions based on the testimony taken at the prior hear-

ing. A memorandum opinion determining the trial counsel was in fact ineffective, was filed with this court on March 19, 1979. Judge Ross did not direct that a new trial be granted.

The incidents from which the charges originally arose involved two alleged drug sales by appellant to undercover police officers. The sales were set up by one James "Shine" Clinton, a paid police informant. The defense advanced by the public defender at trial was entrapment. Appellant at the P.C.H.A. hearing contended that he never sold heroin to one of the officers and alleged an alibi though he produced no witnesses to establish this. The paid informant was not subpoenaed and did not testify at trial or the hearing.

■ Appellant advances several claims of ineffectiveness, however they are in substance just mere allegations.[1] The only issue fully briefed and considered by the lower court following remand was counsel's failure to secure the presence of the informant, Clinton, at trial. Judge Ross determined that trial counsel was in fact ineffective for not doing so reasoning that since the case turned on the question of credibility, the appellant's word against the police officer's word, the testimony of the informant was crucial to the final determinations of the case. We do not agree. As oft times stated from *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 at 352 (1967):

> We cannot emphasize strongly enough, however, that our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record.

In the instant case, trial counsel testified at the P.C.H.A. hearing that the defense he chose to advance was that of entrapment because of the involvement of the police officers. Therefore, it would have been highly contradictory to

---

1. Appellant merely alleges ineffectiveness in trial counsel's tactics, his lack of preparedness and his arranging of a plea bargain prior to trial; but he offers no facts or evidence to substantiate his claims.

produce witnesses in the hope of establishing an alibi. It is also highly unlikely that a paid police informant alleged to have set up the transactions would be at all helpful to appellant's case especially since one of the points appellant sought to prove through his testimony was that Clinton was the individual who actually committed the crime and delivered the drugs.

The burden of proving ineffectiveness must be shouldered by the appellant at the P.C.H.A. proceedings, and counsel will not be deemed ineffective for failing to call a witness absent some positive demonstration that his testimony would have been helpful to the defense. *Commonwealth v. Charleston*, 251 Pa.Super. 311, 380 A.2d 795 (1977) (allocatur refused). Also see *Commonwealth v. Hawkins*, 445 Pa. 279, 284 A.2d 730 (1971); and *Commonwealth v. Harper*, 233 Pa.Super. 294, 334 A.2d 761 (1975). We find that appellant has not only failed to demonstrate the necessity of the informant's testimony but also that the strategy chosen by counsel did in fact have some reasonable basis designed to effectuate his client's interests.

Since this case is presently before this court on the order of Judge Ross, dated March 22, 1978, reinstating appellant's direct appeal rights nunc pro tunc, we affirm per curiam the judgment of sentence imposed on October 8, 1976.