421 A.2d 451

**COMMONWEALTH of Pennsylvania**

v.

**Linn SIMLER, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 16, 1979.

Filed July 25, 1980.

Paul D. Boas, Pittsburgh, for appellant.

Charles W. Johns, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before CERCONE, President Judge, and MONTGOMERY and LIPEZ, JJ.

PER CURIAM:

Appellant was convicted by a jury of simple assault, 18 Pa.C.S. § 2701. Sufficiency of the evidence was the only issue raised by trial counsel in post–verdict motions, which were denied. Represented by new counsel in this direct appeal, appellant raises both the sufficiency of the evidence and four new issues of trial counsel's alleged ineffectiveness.[1] We are unable to resolve the ineffectiveness issues on the record before us. We shall therefore vacate the judgment of sentence, and remand for an evidentiary hearing. If the court below determines that trial counsel was not ineffective, it shall reinstate the judgment of sentence. If it determines that counsel was ineffective, it shall order a new trial. The parties may appeal the lower court's order. Appellant may also raise the issue of sufficiency of the evidence at that time. *Commonwealth v. Twiggs*, 460 Pa. 105, 111 & n.6, 331 A.2d 440, 443 & n.6 (1975).

Judgment of sentence vacated, and case remanded for proceedings consistent with this opinion.

---

1. The allegations of ineffectiveness are that trial counsel: (1) failed to object to irrelevant, predudicial guestions asked of appellant concerning his ownership of firearms; (2) failed to object when the prosecutor questioned appellant about prior criminal activity; (3) failed to call character witnessess as requested by appellant; and (4) failed to move that the trial judge recuse himself.