421 A.2d 719

**COMMONWEALTH of Pennsylvania**

v.

**William Henry OLIVER, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1979.

Filed Aug. 29, 1980.

---

David E. Kupinsky, Wilkes–Barre, for appellant.

Chester B. Muroski, District Attorney, Wilkes–Barre, for Commonwealth, appellee.

Before BROSKY, WICKERSHAM and EAGEN, JJ.*

PER CURIAM:

On October 30, 1978, William Henry Oliver, while assisted by counsel, entered pleas of guilty to receiving stolen property, unauthorized use of a motor vehicle, and operating a motor vehicle while under the influence of alcohol. Concurrent prison sentences of 30 days to one year were imposed on each of the first two mentioned convictions, but an order was entered placing Oliver on immediate parole, conditioned, *inter alia*, upon his making restitution in the sum of $245 to the owner of the motor vehicle involved. No request to withdraw the guilty pleas was entered, and no appeal was filed.

On March 2, 1979, a rule was entered to show cause why the order of October 30, 1978, placing Oliver on parole, should not be revoked. On March 15, after a counselled evidentiary hearing, Oliver was found to have violated the terms of his parole so the order granting parole was revoked and he was "... remanded to ... prison to serve the balance of his sentence...."

On October 27, 1979, Oliver filed a pro se petition seeking post–conviction relief. Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, §§ 1 *et seq.*, 19 P.S. §§ 1180–1 *et seq.* [hereinafter: 19 P.S. § ——]. Counsel was appointed, and an amended petition was filed. Briefs were

* Chief Justice MICHAEL J. EAGEN of the Supreme Court of Pennsylvania is sitting by designation.

filed by counsel, and oral argument presented. Later, the court dismissed the post–conviction relief petition without an evidentiary hearing. Oliver filed this appeal.

■ If a petition seeking post–conviction relief alleges facts "which if proven would entitle the petitioner to relief," an evidentiary hearing is required. 19 P.S. § 1180–9; *Commonwealth v. Sherard*, 483 Pa. 183, 394 A.2d 971 (1978).

In the counselled petition for post–conviction relief, Oliver challenged the validity of the guilty pleas and claimed trial counsel was ineffective for two reasons.

■ First, he claims his trial counsel[1] was ineffective for failing to adequately prepare for trial and in failing "to subpoena or otherwise have present in the courtroom any witnesses to testify on petitioner's behalf." The identity of these witnesses is not disclosed; neither does the petition say or indicate what testimony the witnesses would have given or in what manner the testimony would have aided Oliver's cause. As to this particular charge of ineffectiveness, the petition did not warrant a hearing because the facts alleged were not specific and were inadequate to show counsel was ineffective. See 19 P.S. § 1180–5(a)(1). Cf. *Commonwealth v. Johnson*, 479 Pa. 60, 387 A.2d 834 (1978).

■ Oliver next complains his trial counsel was ineffective because he "incompetently and coercively advised petitioner to plead guilty." Again, no facts sufficient to support this complaint are included in the petition. Under the circumstances, an evidentiary hearing on this complaint was not required.

■ Finally, Oliver maintains his guilty pleas should be set aside because, before acceptance of the pleas, "the court engaged in a constitutionally inadequate colloquy." This claim is waived for failing to raise it in a direct appeal. 19

1. In this proceeding, Oliver is represented for the first time by counsel other than his trial counsel; hence, the issue of trial counsel's ineffectiveness may be raised at this time. *Commonwealth v. Triplett*, 476 Pa. 83, 381 A.2d 877 (1977).

278

P.S. §§ 1180–3 and 1180–4. This is clearly a frivolous appeal.

Order affirmed.