451 A.2d 494

**COMMONWEALTH of Pennsylvania,**

v.

**Bruce NORRIS, Appellant.**

Superior Court of Pennsylvania.

Submitted June 4, 1982.

Filed Oct. 1, 1982.

Petition for Allowance of Appeal Denied Dec. 22, 1982.

208

William James Perrone, Norristown, for appellant.

Robert B. Lawler, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before HESTER, CIRILLO and JOHNSON, JJ.

CIRILLO, Judge:

On October 31, 1975, appellant Bruce Norris was found guilty in a jury trial of second degree murder,[1] robbery,[2] criminal conspiracy,[3] and possession of a prohibited offensive weapon.[4] Following the imposition of sentence on January 19, 1976, appellant appealed his convictions to the Pennsylvania Supreme Court, pursuant to the Act of 1970, July 31,

1. Act of 1972, December 6, P.L. 1482, No. 334, § 1; 18 Pa.C.S.A. § 2502.

2. *Id.* at 18 Pa.C.S.A. § 3701.

3. *Id.* at 18 Pa.C.S.A. § 903.

4. *Id.* at 18 Pa.C.S.A. § 908.

P.L. 673, No. 223, § 202; 17 P.S. § 211.202(1).[5] The judgment of sentence was affirmed *per curiam* on December 1, 1977. *Commonwealth v. Norris,* 475 Pa. 317, 380 A.2d 372 (1977). Subsequently, appellant filed a pro se petition for post-conviction relief.[6] The petition was denied on September 23, 1981, and this appeal followed.

Appellant alleges that he was deprived of effective assistance of trial, appellate and PCHA counsel.[7] Appellant contends ineffectiveness of various counsel as follows: (1) appellate counsel's failure to question the admissibility of appellant's statement as fruit of an illegal arrest; (2) failure of PCHA counsel to raise an ineffectiveness claim attacking appellate counsel's omission in failing to appeal admissibility of appellant's statement; (3) failure of trial counsel to make an adequate pre-trial investigation of Commonwealth witness Atlee Moore; (4) failure of trial counsel to object and request a mistrial because of a statement made by the prosecutor in closing argument; (5) failure of trial counsel to object and request a mistrial for improper testimony of Commonwealth witness Israel Wright; and (6) failure of trial counsel to properly and effectively cross-examine Commonwealth witness Moore concerning his prior criminal history. We conclude appellant's assignments of error are without merit, and therefore affirm the order dismissing appellant's PCHA petition.

The test to be employed in determining whether counsel was effective was set forth in *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604, 235 A.2d 349, 352–53 (1967):

> . . . our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude

5. This section was repealed and replaced by Act of 1976, July 9, P.L. 586, No. 142, § 2, 42 Pa.C.S.A. § 722.

6. We note that appellant was represented at trial and appeal by Stanley P. Stern, Esquire; at the PCHA hearing by Henry Wessel, Esquire; and on this appeal by William J. Perrone, Esquire.

7. Act of January 25, 1966, P.L. (1965) 1580, § 1 *et seq.,* 19 P.S. § 1180–1, *et seq.* (Supp.1965–1980).

that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. (emphasis in original).

There is a presumption in the law that counsel is effective. *Commonwealth v. Larry Miller,* 494 Pa. 229, 431 A.2d 233 (1981). The primary concern is whether the accused's rights have been adequately protected. *Commonwealth v. Roundtree,* 469 Pa. 241, 364 A.2d 1359 (1976); *Commonwealth v. Pride,* 450 Pa. 557, 301 A.2d 582 (1973); *Commonwealth ex rel. Washington v. Maroney,* supra. Counsel cannot be deemed ineffective for failing to advance frivolous claims. *Commonwealth v. Shore,* 487 Pa. 534, 410 A.2d 740 (1980).

Our standard of review in determining whether counsel has rendered ineffective assistance necessitates an initial inquiry into whether the underlying claim is of arguable merit. *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977). If the underlying claim is found to be of arguable merit, only then may we proceed to determine whether there was some reasonable basis for counsel's actions designed to protect his client's interests. *Hubbard,* supra.

The nexus of appellant's first two contentions turns upon a confession given, by him, to the police. In the present case, appellant waived his Miranda rights and confessed to the charges in question. At the pre-trial suppression hearing, the issue of the legality of arrest was raised by counsel in an attempt to exclude the confession from evidence. This motion was denied. Appellate counsel did not raise the issue in post-trial motions or on direct appeal.

Appellant maintains that his confession should have been suppressed as the fruit of an illegal arrest. Appellant sets forth two bases for finding an illegal arrest—failure to obtain a warrant, and lack of probable cause.

Initially, appellant attacks the validity of the arrest because it was made without a warrant. He relies on the Pennsylvania Supreme Court's landmark decision of *Commonwealth v. Williams,* 483 Pa. 293, 396 A.2d 1177 (1978), which held a warrantless arrest in one's home, absent exigent circumstances, violative of the Fourth Amendment protection against unreasonable search and seizure. Applying the rationale of *Williams,* appellant asserts his arrest was illegal, and therefore his statement to the police resulting from that arrest should be considered tainted evidence and inadmissible.

■ In *Commonwealth v. Miller,* 490 Pa. 457, 417 A.2d 128 (1980), the Pennsylvania Supreme Court held that *Williams* would not be retroactive, but would only apply to arrests made subsequent to the date of the *Williams* decision, November 18, 1978. In the case at bar, appellant was arrested on June 8, 1975, over three years before *Williams* was handed down. In light of the *Miller* holding, clearly the appellant cannot seek the protections afforded by the *Williams* decision.

■ Furthermore, appellant speculates that had appellate counsel raised the issue of his illegal arrest on direct appeal, his case would have been the spark that ignited the Pennsylvania Supreme Court's landmark holding in *Williams.* This is mere conjecture and counsel cannot be held ineffective for failing to take an appeal of an issue which rested on a prediction of a future change in the law. *Commonwealth v. Logan,* 468 Pa. 424, 364 A.2d 266 (1976).

■ We note that since *Williams* was not to apply retroactively, we are bound to follow the mandate of *Commonwealth v. Shaw,* 476 Pa. 543, 383 A.2d 496 (1978), which held that absent exigent circumstances, police must have probable cause to enter suspect's home to effect a warrantless arrest. Appellant further contends that his arrest was illegal because the police lacked probable cause. In the instant case, appellant was implicated by a co-defendant, and the arresting officer was dispatched by an officer who

had personal knowledge and probable cause to arrest. These facts have been held to supply the requisite probable cause for a warrantless arrest. *Commonwealth v. Stickle,* 484 Pa. 89, 398 A.2d 957 (1979); *Commonwealth v. Kenny,* 449 Pa. 562, 297 A.2d 794 (1972).

Thus, we find that appellant's warrantless arrest was based upon probable cause and, therefore, valid. Since appellant's arrest was valid, his confession was not tainted and was admissible evidence. Appellant's first contention, concerning the legality of his arrest is meritless, and appellate and PCHA counsel cannot be found ineffective for failing to pursue it. *Commonwealth v. Weathers,* 485 Pa. 28, 400 A.2d 1295 (1979); *Commonwealth v. Sherard,* 483 Pa. 183, 394 A.2d 971 (1978).

■ The remaining assertions of error deal with the alleged ineffectiveness of trial counsel.[8] Appellant's third contention is that trial counsel failed to make an adequate pre-trial investigation of Commonwealth witness Atlee Moore. Trial counsel failed to obtain a copy of a statement made by Moore to a private detective, which was inconsistent with trial testimony given by Moore. Appellant claims the failure of counsel to obtain and use that statement to impeach the witness rendered him ineffective. This issue has already been finally litigated and, therefore, we cannot

---

**8.** Although all of appellant's allegations of ineffectiveness of *trial* counsel appear in appellant's PCHA petition, testimony at the PCHA hearing was only offered on the issue of trial counsel's failure to make a proper pre-trial investigation. In regards to the remaining contentions of ineffectiveness of trial counsel, no testimony was offered, arguments given, nor other evidence presented at the PCHA hearing in support of these allegations. In the PCHA proceeding, appellant had the burden of proving grounds for relief. *Commonwealth v. Jackson,* 494 Pa. 457, 431 A.2d 944 (1981); *Commonwealth v. Stokes,* 294 Pa.Super. 529, 440 A.2d 591 (1982). The failure to present testimony or other evidence on the issue at an evidentiary hearing constitutes an abandonment of such grounds as a basis for relief. *Commonwealth v. Roman,* 494 Pa. 440, 431 A.2d 936 (1981). As appellant has failed to meet his burden, we must affirm the decisions below on each of these issues. However, in the interests of justice, we will consider each issue on the merits.

consider it in this appeal.[9] *See Commonwealth v. Jackson,* 494 Pa. 457, 431 A.2d 944 (1981); *Commonwealth v. Jones,* 488 Pa. 270, 412 A.2d 503 (1980).

■ Appellant's fourth contention is that trial counsel was ineffective for failing to object and request a mistrial because of a statement made by the prosecutor in closing argument. In his closing speech to the jury, the prosecutor stated: "Mr. Moore, of course, has been around for a while and so has the defendant, you can see that." Appellant argues that this statement implies that both the witness, Atlee Moore, and he had prior criminal records.

In *Commonwealth v. Joyner,* 469 Pa. 333, 365 A.2d 1233 (1976), the Supreme Court noted that not every unwise or unwarranted remark made by counsel requires the award of a new trial. As the court further stated in *Commonwealth v. Goosby,* 450 Pa. 609, 611, 301 A.2d 673, 674 (1973):

A new trial is required when the remark is prejudicial, that is, when it is of such a nature or substance or delivered in such a manner that it may reasonably be said to have deprived the defendant of a fair and impartial trial.

The effect of such a remark must be evaluated in the context in which it occurred. *Commonwealth v. Stoltzfus,* 462 Pa. 43, 337 A.2d 873 (1975). Before a new trial is granted, the language must be such that its,

[U]navoidable effect would be to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant so that they could not weigh the evidence and render a true verdict. *Commonwealth v. Simon,* 432 Pa. 386, 394, 298 A.2d 289, 292 (1968) cited in *Commonwealth v. Loar,* 264 Pa.Super. 398, 406, 399 A.2d 1110 at 1114 (1979).

Looking at the prosecutor's statement, as a whole, we conclude that the statement did not either expressly or by

**9.** At the conclusion of trial, trial counsel discovered the statement. He then applied for relief in his post-trial motions, specifically using the after-discovered claim. Relief was denied. An appeal was then made to the Pennsylvania Supreme Court. In a Per Curiam Opinion, the court found the after-discovered claim to be without merit.

reasonable implication convey the fact that appellant had a prior criminal record. *Cf., Commonwealth v. Bowermaster,* 297 Pa.Super. 444, 444 A.2d 115 (1982) (Court held that the controlling question was whether or not a juror could reasonably infer from a witness' testimony that the accused had a prior criminal record. Only if such an inference is created would a new trial be necessary). The brief remark was made by the prosecutor in an extended discussion of the credibility of Commonwealth witness Moore, and did not rise to the level of depriving appellant of a fair and impartial trial. We do not believe the record illustrates that prejudice resulted and, therefore, we find no grounds for a mistrial. *See Commonwealth v. Nichols,* 485 Pa. 1, 4, 400 A.2d 1281, 1282 (1979); *Commonwealth v. Palmer,* 463 Pa. 26, 342 A.2d 387 (1975). Since we find no arguable merit for a motion for a mistrial, trial counsel was not ineffective for failing to object to the prosecutor's comment. *See Commonwealth v. Hubbard, supra.*

■ Appellant's fifth contention is that trial counsel was ineffective for failing to object and request a mistrial for the alleged improper testimony of Commonwealth witness Israel Wright. Specifically, appellant argues that the testimony included objectionable references to the fact that the victim had a family and was trying to better himself with a job in a new field. While, admittedly, such comments can be prejudicial and objected to, we conclude that the record reveals that trial counsel's failure to object did not constitute ineffectiveness. First, an immediate objection to any reference of the victim's family and job might have alienated the jury. Also, we note that at the same time Wright revealed that the deceased had a family and was looking for a job, he mentioned that the deceased had recently been released from prison. Rather than object immediately, trial counsel waited and covered the particular reference made by the witness in his closing argument.

■ Finally, appellant contends that trial counsel was ineffective in failing to properly and effectively cross-examine Commonwealth witness Atlee Moore concerning his prior criminal history.

█ It is well-settled law that the examination and cross-examination of witnesses and the determination as to when to interpose objections are matters clearly within the province of trial counsel. *Commonwealth v. Witherspoon,* 481 Pa. 321, 392 A.2d 1313 (1978). Reviewing the record, we conclude that counsel did indeed effectively cross-examine the witness. He not only impeached the witness with inconsistencies of a prior statement given to police, but he also established that the witness was testifying in exchange for leniency with respect to charges lodged against him stemming from the same criminal episode.[10]

We conclude that appellant was represented competently and effectively by trial, appellate and PCHA counsel. Therefore, we affirm the order denying post-conviction relief.

Order affirmed.

---

**10.** Appellant's main contention is that counsel was ineffective in failing to lay a proper foundation and introduce witness Moore's prior criminal record. However, appellant fails to mention in his petition below or in his brief on appeal what that record contains. He cites no specific crimes Moore had been convicted of which could have been utilized by counsel in cross-examination. Thus, appellant's contention is meritless.