467 A.2d 355

COMMONWEALTH of Pennsylvania, Appellee,

v.

Linn SIMLER, Appellant.

Superior Court of Pennsylvania.

Submitted May 24, 1983.

Filed Oct. 14, 1983.

Paul David Boas, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before CAVANAUGH, ROWLEY and CIRILLO, JJ.

CAVANAUGH, Judge:

Appellant Linn Simler was tried by a jury and convicted of simple assault. Post-verdict motions were denied and sentence was imposed. Appellant, represented by new counsel, took a direct appeal to this court, 280 Pa.Super. 154, 421 A.2d 451, raising the issue of trial counsel's ineffectiveness. Because we were unable to resolve the ineffectiveness issues on the record before us, we vacated the judgment of sentence and remanded the case for an evidentiary hearing. A hearing was held and the lower court found that trial counsel had not been ineffective. The judgment of sentence was reimposed and the instant appeal followed. Appellant now claims, *inter alia*, that trial counsel was ineffective for failing to call character witnesses on

his behalf at trial. We agree and, therefore, reverse the judgment of sentence and remand for a new trial.[1]

The simple assault charge brought against appellant arose out of an incident which occurred on February 7, 1978. On that evening, the appellant became involved in a dispute with the owner of a dining and dancing establishment in suburban Pittsburgh. The manager asked appellant to leave, but he remained at his table. Shortly thereafter, the police arrived and appellant was escorted out. Appellant was licensed to carry a firearm and had one on his person at that time. He willingly relinquished his gun and produced his gun permit as requested by Officer Palonder. An argument ensued, however, when Officer Palonder informed appellant that because appellant appeared intoxicated, his gun and permit were going to be confiscated and could be picked up at the police station the following morning. Appellant was ultimately arrested for disorderly conduct and taken to the police station.

According to the Commonwealth's evidence, the appellant, while in custody at the police station, kneed Officer Palonder in the groin. This was the basis of the simple assault charge. Appellant testified that while at the station, his hair was grabbed and he was punched in the face and that, following the melee, his nose was bleeding and his lip was split. He maintained that he never swung at or kicked the officers. The police agreed that appellant did receive some injuries but claimed that they were sustained when Officer Palonder, having been kneed in the groin, pushed appellant away, causing him to fall and hit his face against the radiator. Since appellant was found guilty of simple assault, the jury obviously believed the Commonwealth's version of the events rather than appellant's.

█ As we stated in *Commonwealth v. Jennings*, 285 Pa.Super. 295, 298–99, 427 A.2d 231, 232 (1981):

1. Due to our disposition of the case based on this claim, we need not address appellant's claims that counsel was ineffective for failing to object to questions asked of appellant by the district attorney regarding his ownership of firearms and prior criminal activity.

[W]hen confronted with a claim of ineffectiveness of counsel, this Court utilizes a two-step analysis. The Court must first determine whether the issue underlying the charge of ineffectiveness is of arguable merit. If the underlying issue is found to be of arguable merit, our inquiry shifts to a determination of whether the course chosen by counsel had some reasonable basis aimed at promoting his client's interests. (citations omitted).

■ Certainly there is arguable merit in appellant's claim that his attorney should have called character witnesses in his behalf. Character evidence is always admissible for the defendant in a criminal case. In fact, "[e]vidence of good character is substantive and positive evidence, not a mere make-weight to be considered in a doubtful case, and . . . is an independent factor which may of itself engender a reasonable doubt or produce a conclusion of innocence." *Commonwealth v. Padden,* 160 Pa.Super. 269, 275, 50 A.2d 722, 725 (1947). *See also, Commonwealth v. Holland,* 480 Pa. 202, 389 A.2d 1026 (1978); *Commonwealth v. Yeager,* 314 Pa.Super. 524, 461 A.2d 281 (1983); *Commonwealth v. Farrior,* 312 Pa.Super. 408, 458 A.2d 1356 (1983); *Commonwealth v. Gaines,* 167 Pa.Super. 485, 75 A.2d 617 (1950). Character evidence could have been a major factor in the trial of this case since virtually the only issue was the credibility of the police witnesses versus that of appellant. *Commonwealth v. William Luther,* 317 Pa.Super. 41, 463 A.2d 1073 (1983); *Commonwealth v. Shapiro,* 223 Pa.Super. 15, 297 A.2d 161 (1972).

■ We must now ascertain whether appellant's counsel had a reasonable basis for not calling any character witnesses. Apparently, appellant did not discuss his case directly with his trial attorney, Mr. Diamond, until the morning of the trial, although he had discussed the case with Mr. Diamond's associate.[2] Appellant testified at the evidentiary hearing that he told Mr. Diamond that he had

2. It was not until the day of trial that appellant realized Mr. Diamond would be trying the case. Appellant had expected the case to be handled by Mr. Diamond's associate.

character witnesses readily available whenever he needed them, and that Mr. Diamond replied, "I don't think we need them at this time. I will worry about that later." (N.T. September 12, 1980, at 50). Appellant said he never got as far as naming the potential witnesses because Mr. Diamond never got back to him about it. At the hearing, appellant did name several people who had been ready to testify; one in particular who had told appellant, "I have a suit ready. When you are ready, call me." (N.T. September 12, 1980 at 52).

Mr. Diamond testified at the evidentiary hearing that there was one potential character witness, a constable named Bonny Burns, who was present in the courtroom at the time of the trial. He considered calling her as a witness but decided not to because she told Mr. Diamond that although appellant was a very honest man as a whole, he had a propensity to be hot headed. (N.T. September 12, 1980 at 29). Mr. Diamond testified that he could not recall whether appellant had asked him to call other character witnesses. It is clear that Mr. Diamond did not pursue the possibility of obtaining other character witnesses despite knowing that there was a substantial issue of credibility involved and that appellant's trait of peacefulness was at issue.

Assuming, arguendo, that Mr. Diamond had a reasonable basis for not calling Bonny Burns as a character witness, that does not explain his failure to pursue the possibility of obtaining other character witnesses who would testify on appellant's behalf. We do not feel that there was a reasonable basis for counsel's failure to pursue the issue and we hold, therefore, that appellant was denied the effective assistance of trial counsel. *See Commonwealth v. William Luther, supra,* (counsel ineffective for failing to call character witnesses on behalf of defendant in rape prosecution).

Judgment of sentence reversed. Case remanded for new trial. We do not retain jurisdiction.

CIRILLO, J., files dissenting opinion.

CIRILLO, Judge, dissenting:

I respectfully dissent. The majority seems to acknowledge that counsel had a reasonable basis for not calling Bonny Burns as a character witness. *See: Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). However, the majority feels that counsel was ineffective for failing to pursue the possibility of obtaining other character witnesses who would testify on behalf of the appellant. I am compelled to disagree.

There is a presumption in the law that counsel is effective. *Commonwealth v. Miller*, 494 Pa. 229, 431 A.2d 233 (1981); *Commonwealth v. Norris*, 305 Pa.Super. 206, 451 A.2d 494 (1982). Thus, the burden is on the petitioner to prove counsel's ineffectiveness. *Commonwealth v. Helvy*, 278 Pa.Super. 458, 462, 420 A.2d 631, 633 (1980).

At the evidentiary hearing regarding the issue of trial counsel's ineffectiveness, the appellant testified as follows:

MR. ZUNICH: Okay. Now, Mr. Simler, when you did talk with him, or during the course of trial, did you ever have any discussions regarding character witnesses?

APPELLANT: Yes, I did.

MR. ZUNICH: Could you tell us about that?

APPELLANT: I told Mr. Diamond that I had character witnesses that would be readily available whenever he needed them. And he said: I don't think we need them at this time. I will worry about that later.

MR. ZUNICH: And did, in fact, he ever call character witnesses?

APPELLANT: No, sir.

MR. ZUNICH: Did you let him know that you had more than one available?

APPELLANT: Yes.

MR. ZUNICH: Did you let him know who these people were?

APPELLANT: We never got as far as to sit down and write names down. It wasn't material at that time.

MR. ZUNICH: Did he ever come back and say: who are these character witnesses?

APPELLANT: No.

(N.T. September 12, 1980 at 50–51).

The appellant's failure at the time of trial to offer to counsel the names of these other possible character witnesses and the substance of their proposed testimony vindicates counsel from allegations of ineffectiveness. *See: Commonwealth v. Blackwell*, 312 Pa.Super. 117, 458 A.2d 541 (1983); *Commonwealth v. Oliver*, 280 Pa.Super. 274, 421 A.2d 719 (1980).

Trial counsel need not ring doorbells in order to procure character witnesses for trial. It is the duty of the appellant to at least furnish counsel with the names of possible witnesses and to give a clue as to the content of their testimony. In this instance, however, the appellant has made only general claims that he had some witnesses available. Without more, the appellant has failed to carry his burden in proving the ineffective assistance of counsel. Accordingly, I would affirm the judgment of sentence of the court below.