593 A.2d 846

**COMMONWEALTH of Pennsylvania**

v.

**Robert FERRARI, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 15, 1991.

Filed May 21, 1991.

Reargument Denied Aug. 2, 1991.

14

Paul D. Boas, Pittsburgh, for appellant.

Kevin F. McCarthy, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

Before ROWLEY, President Judge, and DEL SOLE and MONTGOMERY, JJ.

ROWLEY, President Judge:

As the result of an altercation that occurred early in the morning of April 26, 1987, and which is described by the trial court in its opinion of February 7, 1990, a jury convicted appellant Robert Ferrari of aggravated assault, 18 Pa. C.S. § 2702(a)(1), and recklessly endangering another person, 18 Pa.C.S. § 2705. Appellant was sentenced to five to ten years imprisonment in accordance with the mandatory sentencing provisions of 42 Pa.C.S. § 9712 (sentences for offenses committed with firearms). In this timely appeal from the judgment of sentence, appellant, represented by new counsel, sets forth numerous assertions of ineffectiveness of trial counsel, which will be addressed *seriatim*. He seeks a new trial or, alternatively, an evidentiary hearing on trial counsel's alleged ineffectiveness. Having thoroughly reviewed the record and the arguments presented, we affirm the judgment of sentence.

■■■ At the outset, we note that trial counsel is presumed to have been effective and that the burden is on the defendant to prove otherwise. *Commonwealth v. Williams*, 524 Pa. 218, 230, 570 A.2d 75, 81 (1990). To establish counsel's ineffectiveness, the defendant must prove that 1) his underlying claim has arguable merit, 2) the course chosen by counsel could have had no reasonable basis designed to serve the defendant's interests, and 3) the defendant was prejudiced by counsel's act or omission. *Commonwealth v. Durst*, 522 Pa. 2, 4–5, 559 A.2d 504, 505 (1989). If it is clear that the defendant cannot meet this test, remand for an evidentiary hearing is unnecessary. *Commonwealth v. Wells*, 396 Pa.Super. 70, 79, 578 A.2d 27, 32 (1990).

Appellant contends, first, that trial counsel was ineffective in failing to request the court to instruct the jury on aggravated assault as defined in 18 Pa.C.S. § 2702(a)(4) and on simple assault as defined in 18 Pa.C.S. § 2701(a)(3), both of which appellant considers to be lesser included offenses [1] of the crime of which he was convicted, aggravated assault as defined in 18 Pa.C.S. § 2702(a)(1). Appellant adds that trial counsel was also ineffective in failing to object to the jury charge on this ground and in failing to raise the issue in post-trial motions.

Section 2702(a)(1) of the Crimes Code defines aggravated assault as follows:

**(a) Offense defined.**—A person is guilty of aggravated assault if he:

(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life[.]

18 Pa.C.S. § 2702(a)(1). 18 Pa.C.S. § 2702(b) states that aggravated assault as so defined is a felony of the first

---

**1.** Although appellant sometimes refers to one or both of these offenses as simply "lesser" offenses, we do not perceive in his argument any distinction between "lesser offenses" and "lesser included offenses."

degree. Under § 2702(a)(4), one commits aggravated assault if he or she

(4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon[.]

18 Pa.C.S. § 2702(a)(4). Aggravated assault as defined in subsection (4) is a felony of the second degree. 18 Pa.C.S. § 2702(b). Simple assault is defined in the pertinent subsection of 18 Pa.C.S. § 2701 as follows:

(a) **Offense defined.**—A person is guilty of assault if he:

. . . .

(3) attempts by physical menace to put another in fear of imminent serious bodily injury.

18 Pa.C.S. § 2701(a)(3). At the time of appellant's conviction, simple assault was a misdemeanor of the second degree unless committed in a fight or scuffle entered into by mutual consent, in which case it was a misdemeanor of the third degree. 18 Pa.C.S. § 2701(b).[2] Conviction under either § 2701(a)(3) or § 2702(a)(4) would not have subjected appellant to a mandatory sentence of five years imprisonment.

 If each and every element of one offense is necessarily an element of a greater offense, the former offense is a lesser included offense of the latter. *Commonwealth v. Thomas,* 376 Pa.Super. 455, 458, 546 A.2d 116, 118 (1988) (*en banc*), *alloc. denied,* 520 Pa. 616, 554 A.2d 509 (1989); *Commonwealth v. Channell,* 335 Pa.Super. 438, 445, 484 A.2d 783, 786 (1984). In order for one offense to be considered a lesser included offense of another, therefore, the commission of the greater offense must necessarily involve the commission of the lesser. *Commonwealth v. Griffin,* 357 Pa.Super. 308, 318, 515 A.2d 1382, 1387 (1986), *alloc. denied,* 515 Pa. 574, 527 A.2d 535 (1987) [citing *Commonwealth v. Pemberth,* 339 Pa.Super. 428, 489 A.2d 235 (1985)]. If it would be rational, given the evidence of

**2.** Section 2701(b) has since been amended to provide, in addition to the classifications just stated, that simple assault is a misdemeanor of the first degree when committed against a child under 12 years of age by an adult who is 21 or older.

record, for the jury to find the defendant guilty of the lesser offense but not guilty of the greater, the defendant is entitled to have the jury instructed on the law of the lesser offense. *Commonwealth v. Thomas, supra; Commonwealth v. Blount,* 387 Pa.Super. 603, 611, 564 A.2d 952, 956 (1989), *alloc. denied,* 525 Pa. 594, 575 A.2d 561 (1990); *Commonwealth v. Channell, supra.*

■ The first step in our analysis, then, is to determine whether the offenses for which jury instructions should allegedly have been requested are in fact lesser included offenses of aggravated assault as defined in 18 Pa.C.S. § 2702(a)(1). With regard to aggravated assault as defined in § 2702(a)(4), the determination has already been made. In *Commonwealth v. Ritchey,* 313 Pa.Super. 238, 242, 459 A.2d 828, 830 (1983), this Court held that because the "with a deadly weapon" provision of § 2702(a)(4) is not found in § 2702(a)(1), the former is not a lesser included offense of the latter.[3] Appellant attempts to distinguish *Ritchey* from the case before us by noting that a deadly weapon, the handgun, was involved in the present case. He fails to note, however, that the circumstances of *Ritchey* also involved the use of a firearm. Moreover, it is evident from this Court's reasoning in the case that the decision as to whether one offense is a lesser included offense of another does not depend on the elements of a particular factual scenario, but on the elements of the pertinent statutory provisions:

> *[W]hen the two subsections are read together* it is apparent that subsection (4) contains an element that is not found in the greater offense of subsection (1). Specifically, subsection (4) requires that the assault be caused or attempted "with a deadly weapon". This element is not contained in subsection (1), which prohibits any attempt to cause or the causing of serious bodily injury but which

3. Although 18 Pa.C.S. § 2702 was amended in 1986, after this Court's decision in *Ritchey* but before the filing of charges against appellant, the wording of subsections (a)(1) and (a)(4) was not changed.

does not limit itself to any particular mode of causing such an injury.

. . . . .

It is therefore possible that a subsection (1) assault may be proved in some cases without necessarily proving a subsection (4) assault. We therefore hold that subsection 2702(a)(4) assault is not a lesser included offense of subsection 2702(a)(1). . . .

*Id.*, 313 Pa.Superior Ct. at 241–42, 459 A.2d at 830 (emphasis added).

We note also that this Court *en banc* reached the same result, although in a different context, in *Commonwealth v. Taylor*, 346 Pa.Super. 599, 500 A.2d 110 (1985), *aff'd on other grounds*, 516 Pa. 21, 531 A.2d 1111 (1987). In that case, both the criminal complaint and the information indicated that the charge against appellant was aggravated assault, but neither specified a subsection of 18 Pa.C.S. § 2702. While a fair reading of the criminal complaint indicated that appellant had been charged with aggravated assault based on § 2702(a)(4), the wording of the information clearly indicated that the charge was based on § 2702(a)(1). This Court explained the significance of the situation as follows:

Since the proof required for subsection (a)(1) and subsection (a)(4) is substantially different and the penalties involved, likewise, are substantially different, the defendant cannot be charged with one subsection and be presented with proof or allegations of a different subsection at trial without amendment approved by the defendant. Aggravated assault, § 2702(a)(4) is not a lesser included offense of aggravated assault, § 2702(a)(1). *Commonwealth v. Ritchey, [supra ]*. If, upon a conviction or a plea, the court imposed a sentence relating to one subsection of the Crimes Code, when a different subsection carrying a different penalty was proved, this in effect would be an illegal sentence.

*Id.* 346 Pa.Super. at 608, 500 A.2d at 114–15 (additional citation omitted). This Court held, accordingly, that the Commonwealth was bound by the charge stated in the

information, which was aggravated assault under § 2702(a)(1), and could not seek to prove at sentencing that appellant had committed the offense with a deadly weapon. In view of the controlling case law just cited, we hold in the present case that because § 2702(a)(4) aggravated assault is not a lesser included offense of § 2702(a)(1) aggravated assault, trial counsel was not ineffective in failing to request a jury instruction on the former offense.

Appellant contends also that simple assault as defined in 18 Pa.C.S. § 2701(a)(3) is a lesser included offense of aggravated assault as defined in 18 Pa.C.S. § 2702(a)(1). Our research has uncovered no case in which the two subsections are specifically compared. Numerous cases state that simple assault is a lesser included offense of aggravated assault. Some do so without specifying which subsections are being compared, *see, e.g., Commonwealth v. Wilks,* 250 Pa.Super. 182, 189, 378 A.2d 887, 890 (1977), while others specify one or both of the subsections at issue, *see, e.g., Commonwealth v. Channell,* 335 Pa.Super. at 443 n. 2, 484 A.2d at 785 n. 2 [if jury believed knife had been used, appellant could be convicted of aggravated assault under, *inter alia,* § 2702(a)(4); if not, jury might have found him guilty of simple assault, § 2701]; *Commonwealth v. Sirianni,* 286 Pa.Super. 176, 182, 428 A.2d 629, 633 (1981) [§ 2701(a)(1) is lesser included offense of § 2702(a)(1)]; *Commonwealth v. Cavanaugh,* 278 Pa.Super. 542, 546, 420 A.2d 674, 676 (1980) (same).

However, given the facts of this case, we are not required to decide whether simple assault, § 2701(a)(3), is a lesser included offense of aggravated assault, § 2702(a)(1). "A defendant is entitled to ... an instruction [on a lesser included offense] only where the evidence in the record would permit the jury to find, *rationally,* the defendant guilty of the lesser included offense but not the greater offense." *Commonwealth v. Thomas,* 376 Pa.Super. at 459, 546 A.2d at 118 (emphasis added). According to the testimony offered by the Commonwealth, appellant harassed John Sochacki until Sochacki got out of his car, at

which point appellant pulled out a loaded handgun, pointed it at Sochacki, said, "I'm going to kill you" (T.T. at 7),[4] and pulled the trigger three times. Because of a jammed cartridge, the pistol did not fire. According to the testimony of appellant and his witnesses, Sochacki attacked appellant and they fell to the ground and struggled, but appellant never took out the handgun that he carried inside his coat. As the Commonwealth points out, "the jury was presented with two drastically opposed accounts of what occurred: either appellant assaulted Sochacki and attempted to shoot him with a loaded pistol; or Sochacki assaulted appellant, and appellant was only defending himself" (Brief for Appellee at 10–11). The former version supports a conviction of aggravated assault under § 2702(a)(1); the latter version indicates that appellant did not commit an assault against Sochacki. In neither case would it be rational for the jury to conclude that appellant merely "attempt[ed] by physical menace to put another in fear of imminent serious bodily injury."

Appellant nevertheless argues that on the basis of this testimony "the jury may have believed that [he] pointed a gun at the complainant [Sochacki] while disbelieving or having a reasonable doubt as to whether the complainant actually saw or heard the gun's trigger being pulled" (Brief for Appellant at 20). Therefore, appellant argues, the jury could have found him guilty of simple assault under § 18 Pa.C.S. § 2701(a)(3) for having attempted by physical menace to put Sochacki in fear of imminent serious bodily injury. This Court has held, however, that the mere possibility that the jury may believe part but not all of the Commonwealth's testimony is not sufficient to require the trial court to charge the jury on a lesser offense than that which the prosecution witness testifies has been committed. *Commonwealth v. Showalter*, 275 Pa.Super. 1, 4, 418 A.2d 580, 582 (1980) [citing *Commonwealth v. Melnyczenko*, 238

---

**4.** Because the closings and the jury charge appear in a separately numbered transcript, the abbreviation T.T. is used to denote the trial transcript and the abbreviation C.T. is used to denote the "closings transcript."

Pa.Super. 203, 358 A.2d 98 (1976), *alloc. denied*]. Because the court's instructions should invite the jury to reach a rational rather than an irrational conclusion, *Commonwealth v. Thomas, supra,* we hold that appellant was not entitled to jury instructions on the offenses at issue and that trial counsel was not ineffective for failing to request such instructions.

 Next, appellant contends that trial counsel rendered ineffective assistance by representing appellant's brother, Donald Ferrari, as well as appellant. Appellant and his brother were tried together. Appellant had been charged with aggravated assault, recklessly endangering another person, and simple assault.[5] He was found guilty of the first and second of these offenses and not guilty of the third. Donald Ferrari had been charged with two counts of simple assault as a result of the events of April 26, 1987 and was acquitted on both counts. Appellant maintains that the existence of inconsistent defenses, along with the difference in severity of the offenses with which the brothers were charged, created an actual conflict of interest that worked to his detriment.

We disagree. Appellant testified that on the night in question Sochacki, without provocation, began to curse and insult him, and appellant cursed him in return. Sochacki then tried to hit appellant with the door of his (Sochacki's) car. Failing in that, Sochacki got out of the car, swung a bottle at appellant, and then charged at appellant, whereupon, in appellant's words, "we started fighting to the ground" (T.T. at 124). At this point, appellant testified, Sochacki's girlfriend, Joan Posa, jumped on his back and hit him in the back of the head, and another friend of Sochacki's, William Bochonok, "grabbed me by the back of my collar and pulled me off of Sochacki; and I went back to the ground backwards" (T.T. at 124). According to appellant, Bochonok then ran into his house and Sochacki and Posa

5. The simple assault charge was based on 18 Pa.C.S. § 2701(a)(1), "attempt[ing] to cause or intentionally, knowingly or recklessly caus[ing] bodily injury to another[.]"

jumped into Sochacki's car and, as he was getting up off the ground, began to drive toward him. Appellant testified that he escaped by jumping over a fence. He insisted that although he had a gun in a nylon case in his coat, he did not take the gun out of the case that night; rather, it fell out of his coat during his struggle with Sochacki.

Donald Ferrari, appellant's brother, testified that he was riding past the scene on his motorcycle when he saw appellant running over the fence. He stopped to ask Sochacki, who was in his car, what was happening, and "the car just come swinging right at me, caught my feet; and I went down; and the car went over [the] top of my knee ..." (T.T. at 165). Sochacki then drove away, and appellant came to help his brother. Appellant confirmed his brother's story, testifying that "[m]y brother had arrived on his motorcycle. He had seen the incident.... He walked down out into the street and John [Sochacki] pivoted the car backwards and ran his knee over with the car wheel" (T.T. at 126–27). Donald Ferrari denied having struck Sochacki or Posa with his motorcycle helmet, as was alleged by the Commonwealth.

This Court has held that an actual conflict of interest is evidenced "whenever during the course of representation, the interests of appellant—and the interests of another client towards whom counsel bears obligations—diverge with respect to a material factual or legal issue or to a course of action." *In Interest of Saladin*, 359 Pa.Super. 326, 332, 518 A.2d 1258, 1261 (1986). No such conflict appears in the record of this case. Appellant's testimony did not conflict with that of his brother; in fact, to the extent that Donald's involvement in the incident overlapped with appellant's, each confirmed the testimony of the other. Donald testified that Sochacki struck him with his car and that he, Donald, did not attack anyone. Appellant testified that Sochacki attacked him, that they struggled, and that he did not draw or point a firearm. With regard to the charge of simple assault, defense counsel argued to the jury that appellant had acted in self defense. The fact that appellant

testified to a greater degree of involvement in the altercation than did Donald does not render their defenses inconsistent.

Nor are we persuaded by appellant's argument that his interests diverged from his brother's because he faced more numerous and more serious charges than did his brother. As evidence of divergent interests, appellant points to trial counsel's statement during closing argument that "[Donald's] case is a fairly simple case.... Now we move on to Robert's case. We get a little more complicated there because, well, there are more charges and there are a lot more things happening, too" (C.T. at 13). Appellant suggests that "[o]n the basis of these assertions alone, the jury could have determined that even the defense attorney was somehow unsure of [appellant's] innocence or guilt in relation to ... Donald's" (Brief for Appellant at 28). We perceive this statement to be, to the contrary, an accurate assessment of the evidence and an attempt to prepare the jurors to consider a more complex situation and to resolve it in appellant's favor. Accordingly, we conclude that appellant's conflict of interest claim lacks arguable merit.

Appellant's next claim is that trial counsel was ineffective for failing to call character witnesses to testify on appellant's behalf. Appellant maintains that at an evidentiary hearing he would establish that he had given trial counsel the names and phone numbers of potential character witnesses and that these persons were available and were prepared to testify that within the community appellant had a good reputation for peacefulness and honesty. He argues that because the outcome of the case turned on the credibility of witnesses, trial counsel's failure to call identified character witnesses on his behalf, a decision which could have had no reasonable basis, constitutes ineffective assistance.

It is settled law that evidence of good character may suffice by itself to raise in the minds of the jury a reasonable doubt as to the defendant's guilt, *Commonwealth v. Simler*, 320 Pa.Super. 342, 345, 467 A.2d 355, 357

(1983); *Commonwealth v. Luther*, 317 Pa.Super. 41, 49, 463 A.2d 1073, 1077 (1983), and this Court has held that where virtually the sole issue at trial is the credibility of the defendant versus that of the Commonwealth's witnesses, counsel's failure to seek to obtain the testimony of character witnesses constitutes ineffective assistance, *Commonwealth v. Simler, supra; Commonwealth v. Luther, supra*. Appellant's claim, therefore, is not without merit.

However, a review of the record in the present case reveals that appellant's testimony was not unsupported. As noted earlier, the testimony of appellant's brother, Donald Ferrari, confirmed appellant's testimony from the point at which Donald came on the scene. Appellant's girlfriend, Jennifer Perrino, confirmed appellant's testimony that Sochacki began to insult appellant, tried to hit him with the car door, swung a bottle at him and missed, and charged him, at which point the two began fighting, Sosa jumped on appellant's back and began hitting him, and a person unknown to Perrino, apparently William Bochonok, tried to pull appellant off Sochacki. Perrino testified that she then ran to the home of Mike Williams, a friend of appellant, and told him that appellant was in a fight. According to Williams, when he arrived at the scene Sochacki "fired up his car and ... tried to run me over" (T.T. at 155), so Williams jumped onto the hood of another car. From this vantage point, he testified, he saw Sochacki aim his car at appellant, causing appellant to jump over a fence, and then aim the car at and strike Donald Ferrari. Finally, Donna Wharton, the mother of appellant and Donald Ferrari, testified that after the incident Donald's knee appeared bruised and swollen and he used crutches for several days.

The testimony of these defense witnesses, taken as a whole, confirmed appellant's version of the fight from beginning to end. The jury nevertheless chose to believe the testimony of the Commonwealth's witnesses. Given these facts, we conclude that appellant has failed to show that "but for the act or omission challenged [i.e., trial counsel's failure to call character witnesses on appellant's behalf],

there is a reasonable probability that the result would have been more favorable to appellant." *Commonwealth v. Wells,* 396 Pa.Super. at 78, 578 A.2d at 31–32. Because appellant has failed to demonstrate that he was prejudiced by trial counsel's omission, his claim of ineffectiveness fails.

■ Finally, appellant argues that trial counsel was ineffective in failing to object and to request a mistrial or cautionary instructions when the prosecutor, in his closing argument, allegedly vouched for the credibility of the Commonwealth's witnesses by saying that their testimony "is the truth." Appellant also contends that trial counsel compounded his ineffectiveness by failing to raise this issue in post-trial motions.

Our resolution of this issue is controlled by the recent opinion of our Supreme Court in *Commonwealth v. Johnson,* 527 Pa. 118, 588 A.2d 1303 (1991). The issue before the Court in *Johnson* was whether trial counsel was ineffective in failing to object when, during closing argument, the prosecutor characterized appellant as a liar. Finding the ineffectiveness claim to be meritless, the trial court explained as follows:

> While the prosecutor did state during his closing argument that appellant had lied, when taken in context and after review of all of the evidence, it becomes clear that his remarks were neither unfair nor prejudicial. Clearly, the outcome in this case involved a credibility determination by the jury. The victim and appellant were the only two who testified regarding the events of that evening [when the victim was allegedly raped by appellant].... The jury was acutely aware that the victim's and appellant's stories conflicted.... Moreover, it was defendant's counsel who first commented on the credibility of the witnesses. Indeed, defense counsel quite clearly indicated his belief that one of the prosecution witnesses was in fact lying. The prosecutor then responded to this attack on one of the Commonwealth's witnesses.... Viewed in this context, the prosecutor's comments were

neither unfair nor prejudicial, but, merely reinforced the fact that the jury had been presented conflicting stories. *Id.*, 527 Pa. at 127, 588 A.2d at 1307. The Court added, however, that although the unusual circumstances of the case warranted such a holding, it was not the Court's intent to sanction such comments generally. *Id.*, 527 Pa. at 128, 588 A.2d at 1308.

The case before us presents a very similar scenario. In his closing argument defense counsel emphasized the importance of the jury's judgment of credibility, stating, "Was Mr. Sochacki's story believable? Or is [appellant's] story believable?" (C.T. at 18). While pointing out what he considered to be the unlikely aspects of the testimony of the Commonwealth's witnesses, defense counsel repeatedly asked, "Does that make sense to you?" (C.T. at 16), "Does any of that make sense to you?" (C.T. at 17), "Is that believable testimony?" (C.T. at 17). In response, the assistant district attorney took the same approach. After recounting numerous aspects of the defense witnesses' testimony and asking, as had defense counsel, "Does that make any sense ...?" (C.T. at 32), he stated, "These are all reasons, ladies and gentlemen, why I suggest to you the Commonwealth's testimony makes more sense. It is the truth" (C.T. at 37). After making this statement, the assistant district attorney continued to point out unlikely aspects of the defense testimony and continued to ask, "Does that make any sense?" (C.T. at 38). No undue emphasis was placed upon his reference to "the truth." Although the better course would have been for the prosecutor to avoid the challenged remark, we hold, as did the Supreme Court in *Johnson*, that the remark was not prejudicial. Appellant's claim of ineffectiveness therefore fails.

Judgment of sentence affirmed.