461 A.2d 281

**COMMONWEALTH of Pennsylvania**

v.

**William Wade YEAGER, Appellant.**

Superior Court of Pennsylvania.

Submitted May 20, 1982.

Filed June 3, 1983.

Alphonse P. Lepore, Jr., Assistant Public Defender, Uniontown, for appellant.

Gerald R. Solomon, District Attorney, Uniontown, for Commonwealth, appellee.

526

Before HESTER, McEWEN and JOHNSON, JJ.

McEWEN, Judge:

This appeal is undertaken from the judgment of sentence imposed after appellant was convicted by a jury and sentenced to serve a term of from four to ten years for arson and a concurrent term of from two to five years for involuntary manslaughter. We reverse and remand for a new trial.

Appellant was charged with arson[1], causing or risking catastrophe[2], criminal trespass[3], failure to prevent catastrophe[4], recklessly endangering another person[5] and criminal homicide[6], as a result of a fire in an apartment which had caused the death of a woman. Appellant during the presentation of his defense provided for character testimony. The Commonwealth during the cross-examination of one character witness posed the inquiry:

> From your knowledge of this speech in the community did you hear that the defendant had been charged with Burglary and Larceny?

A second character witness was asked:

> From your knowledge of the speech in the community which you referred to, did you hear that the appellant had been charged with Burglary and Larceny?

The prosecutor engaged in such cross-examination on the basis of his belief that appellant had been arrested and charged with those offenses. It subsequently appeared that the belief of the district attorney was based upon erroneous information and that, in fact, appellant did not have any record of arrest or conviction. As a result, the

1. 18 Pa.C.S.A. § 3301.

2. 18 Pa.C.S.A. § 3302.

3. 18 Pa.C.S.A. § 3503.

4. 18 Pa.C.S.A. § 3303.

5. 18 Pa.C.S.A. § 2705.

6. 18 Pa.C.S.A. § 2501.

trial judge included the following instruction in his charge to the jury:

> Members of the jury, there has been some testimony on cross-examination directed at some of the character or reputation witnesses that the defendant may have had a criminal record and we believe that that was later on corrected by testimony from the clerk of courts office that this defendant never has and did not have any arrest or any criminal record. Therefore, we direct and charge you to ignore and to disregard any statements pertaining to any criminal arrests or any criminal record that this defendant, William Wade Yeager, may have had. The testimony before you is that he does not and did not ever have an arrest or a criminal record.

While the distinguished Judge William J. Franks thereby exhibited a careful concern that appellant not suffer undue prejudice and provided specific direction to the jury to disregard any evidence concerning any prior arrest of appellant, appellant asserts that the prejudice caused by the cross-examination was beyond any recourse and that, therefore, he did not receive a fair trial. We agree.

It has long been the law in Pennsylvania that an individual on trial for an offense against the criminal law is permitted to introduce evidence of his good reputation. *Commonwealth v. Castellana,* 277 Pa. 117, 121 A. 50 (1923) (*quoting Cathcart v. Commonwealth,* 37 Pa. 108 (1860)). *See Commonwealth v. Stefanowicz,* 118 Pa.Super. 79, 179 A. 770 (1935). It is clearly established that evidence of good character is to be regarded as substantive evidence just as any other evidence tending to establish innocence and may be considered by the jury in connection with all of the evidence presented in the case on the general issue of guilt or innocence. *See Commonwealth v. Holland,* 480 Pa. 202, 389 A.2d 1026 (1978); *Commonwealth v. Stoner,* 265 Pa. 139, 108 A. 624 (1919). It is thus clear that the law considers character testimony to be evidence of special significance by reason of its fundamental importance to an

accused. It follows, therefore, that the presentation of such testimony must be free of confusion or shade of doubt in the first instance, since no effort, no matter how earnest, is likely to resolve the deficiency.

The Pennsylvania Supreme Court exhibited an intense concern that character testimony achieve its special purpose when, in a unanimous decision by the eminent Chief Justice Henry X. O'Brien, the Court prohibited cross-examination of character witnesses upon incidents of arrest and thereby halted what had been the practice in Pennsylvania. *Commonwealth v. Scott*, 496 Pa. 188, 436 A.2d 607 (1981). The trial judge did not have, of course, the benefit of this decision of the Supreme Court which has served to guide our reflection upon this issue.

■ While one might accept the assertion of the Commonwealth that the evidence of the guilt of appellant was overwhelming, it is difficult to accept that the error was so insignificant that it could not have contributed to the verdict. *See Commonwealth v. Story*, 476 Pa. 391, 412, 383 A.2d 155, 166 (1978); *Commonwealth v. Davis*, 452 Pa. 171, 178–79, 305 A.2d 715, 720 (1973). It would seem, all too regretfully, that respect for the law and its procedures has been colored, if not replaced, by a cynicism that promotes a suspicion among the citizenry that the court and counsel are participants in an effort to conceal the facts and that the rules of evidence all too frequently screen a jury from the truth. As a result, under all of the circumstances here present, it would have been easy surmise for a juror to conclude that appellant in fact had such an arrest record despite the statement by the court during the charge to the contrary. We are unable to conclude the error was so insignificant that it could not have contributed to the verdict.

Judgment of sentence reversed. Case remanded for new trial.