# Commonwealth v. Fisher

144

C.P. of Clearfield County, no. 00-658-CRA.

*William Shaw, Jr., assistant district attorney,* for Commonwealth.
*Ronald Collins,* for defendant.

AMMERMAN, *J.,* December 19, 2001—On June 21, 2000, Lawrence Fisher, defendant, was involved in a single vehicle accident in his 1997 Ford Explorer on the corner of Bay Road and Cayman Road in the Treasure Lake community. Following the filing of the criminal information, defendant filed an omnibus pretrial motion for relief requesting that the court quash the information based upon defendant's assertion that the road where the accident occurred was not a "highway" or "trafficway" within the meaning of the DUI statute. On November 21, 2000, a hearing was held on the issues. Thereafter, briefs were submitted on the issue of whether the operation of the vehicle and accident occurred on a trafficway as defined in the Vehicle Code, and on February 1, 2001, the court entered an opinion and order finding that Bay Road was in fact a trafficway as defined by section 102 of the Vehicle Code. A jury trial was held on June 9, 2001, and defendant was convicted of the offense of driving under the influence, a misdemeanor of the second degree, as set forth in 75 Pa.C.S. §3731(a)(1), incapable of safe driving, and 75 Pa.C.S. §3731(a)(4), driving with blood alcohol content of .10 percent or greater. Thereaf-

ter, on July 24, 2001, defendant was sentenced to serve two days incarceration in the Clearfield County Jail, with a probation term of two years, plus fines, costs and other conditions. Defendant filed post sentence motions raising several issues that were presented to the court on August 28, 2001. In compliance with the order of this court, briefs were submitted addressing the remaining outstanding issues. Following review of said briefs, the court issues the following opinion and order.

I. *The Evidence Presented by the Commonwealth Regarding Whether the Crime Was Committed on a "Highway" or "Trafficway" Was Sufficient To Uphold the Jury Verdict and Accordingly, the Court Did Not Err in Denying Defendant's Motion To Quash*

The decision whether to grant a motion to quash a criminal information is within the sound discretion of the trial court and will not be overturned absent an abuse of discretion. *Commonwealth v. Lebron,* 765 A.2d 293, 294 (Pa. Super. 2000). Accordingly, only where a judgment is manifestly unreasonable, where the law is not applied to the facts at hand or where the record shows that the judgment is a result of ill will, partiality or bias, will a decision be considered an abuse of discretion. *Id.*

A claim challenging the sufficiency of the evidence is a question of law. *Commonwealth v. Widmer,* 560 Pa. 308, 319, 744 A.2d 745, 751 (2000). Evidence is sufficient when a verdict establishes each material element of the crime charged and the commission thereof by the accused beyond a reasonable doubt. *Id.,* citing *Common-*

*wealth v. Karkaria,* 533 Pa. 412, 625 A.2d 1167 (1993). In determining whether evidence is sufficient, the evidence must be viewed in the light most favorable to the verdict winner, giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. *Widmer,* 560 Pa. at 319, 744 A.2d at 751, citing *Commonwealth v. Chambers,* 528 Pa. 558, 599 A.2d 630 (1991).

Section 3101 of the Pennsylvania Vehicle Code provides that chapter 37, which includes the sections under which defendant was convicted, "shall apply upon highways and trafficways throughout this Commonwealth." 75 Pa.C.S. §3101(b) (Purdon 2001). In defendant's post sentence motions, he asserts that the Commonwealth did not offer any evidence during trial concerning the nature of Bay Road as a "highway or trafficway." Accordingly, defendant asserts that defendant's convictions pursuant to section 3731 of the Vehicle Code cannot stand.

The court finds defendant's assertions to be without merit. As set forth in detail in this court's opinion dated February 1, 2001, the Commonwealth submitted extensive pretrial evidence indicating that Bay Road is a trafficway within the privately maintained, gated community. Additionally, Officer Steve Maholtz testified at trial that the accident occurred on a "public highway or trafficway." (Trial transcript, p. 101.) No objection to this testimony was made by the defendant, nor was any contradictory evidence presented to the jury. Therefore, Officer Maholtz' testimony, although brief, was sufficient to establish the statutory requirement that defendant be driving on a "trafficway." 75 Pa.C.S. §3101(b).

## II. *The Commonwealth's Mention at Trial of Defendant's Occupation As an Attorney Caused No Undue Prejudice to Defendant Such That a New Trial Is Required*

Defendant objects to the Commonwealth's submission of evidence regarding his occupation as an attorney at the trial and requests a new trial based upon his assertion that such evidence of his occupation was irrelevant and prejudicial. First, defendant asserts that his occupation as an attorney had no relevance to the central issue at trial, *i.e.,* whether he was the operator of the Ford Explorer at the time of the accident. Pa.R.E. 401 provides that " 'Relevant evidence' means evidence having a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Defendant argues that his occupation as an attorney did not make it "more or less probable that he was the operator of the Explorer at the time of the accident," and accordingly that such evidence was irrelevant and inadmissible.

The admissibility of evidence is a matter left to the sound discretion of the trial court and that decision will not be reversed absent a showing of abuse of that discretion. *Commonwealth v. Brewington,* 740 A.2d 247, 253 (Pa. Super. 1999). In the case at hand, the Commonwealth introduced the fact of defendant's occupation for limited purposes. First, such information supported the testimony of eyewitness Shannon Morgan, who was contacted after the accident by defendant and advised to contact an attorney because he was going to have her arrested. (Trial

transcript, p. 52.) Evidence of defendant's occupation supports Ms. Morgan's testimony that she was reluctant to have further dealings with defendant following the accident, (trial transcript, p. 49) and supports an inference that the defendant was well aware of his impending criminal difficulty and prosecution as a result of his driving the car. Taken in the context of the events of the evening in question and the defendant's actions thereafter, it can reasonably be argued that the defendant was implying to Ms. Morgan that she should not be involved in any legal proceedings. Defendant's occupation as an attorney cannot be separated from these facts and his course of conduct. The court had originally ruled that the Commonwealth could not raise the issue of defendant's occupation until Ms. Morgan testified that after the accident, defendant advised her that she should get an attorney, causing her to have misgivings about becoming involved in any proceedings involving defendant. The second basis upon which such evidence was relevant was for purposes of challenging the veracity of defendant who testified at trial that he was a bartender at the ski lodge, while never mentioning his legal career. (Trial transcript, p. 133.) Thirdly, such evidence was admitted for purposes of inquiring as to the bias of a witness, Alice Zimmerman, who stated that defendant was her attorney. (Trial transcript, p. 165.) The court finds that based upon the foregoing, the fact of defendant's occupation was clearly relevant to the issues raised by the Commonwealth.

Alternatively, defendant asserts that the evidence of his occupation as an attorney taints him in the eyes of

the jury, and accordingly falls within the gambit of Pa.R.E. 403 that provides: "although relevant, evidence may be excluded if its probative value is outweighed by the danger of unfair prejudice." Defendant cites to *Commonwealth v. Yeager,* 314 Pa. Super. 524, 461 A.2d 281 (1983), for the proposition that there is a "widespread disrespect for attorneys," and suggests that the Commonwealth's focus on defendant's occupation "promote[s] the very disrespect recognized and rebuked in *Yeager.*" The court finds that *Yeager,* a case dealing with the importance of character witness testimony to a defendant's case, is completely inapposite to the case at hand. In *Yeager,* erroneous evidence of defendant's prior arrest was introduced on cross-examination of defendant's character witness, thus undermining his efforts to establish good reputation. The trial court instructed the jury to disregard the evidence concerning any prior arrest, and the jury convicted the defendant. The defendant appealed, asserting that he suffered prejudice beyond recourse and did not receive a fair trial. The Superior Court agreed and reversed, and in determining whether such prejudice existed despite the trial judge's instruction, stated "[i]t would seem, all too regretfully, that respect for the law and its procedures has been colored, if not replaced, by a cynicism that promotes a suspicion among the citizenry that the court and counsel are participants in an effort to conceal the facts and the rules of evidence all too frequently screen a jury from the truth. As a result, it would have been easy surmise for a juror to conclude that appellant in fact had such an arrest record despite the statement by the court during the charge to the contrary." *Id.* at 528, 461 A.2d at 283.

By contrast, there is no basis for defendant's assertion that evidence of his occupation as an attorney had any negative effect on his efforts to establish good reputation. Moreover, such evidence was not only accurate, but was used only for the limited purposes set forth above. Accordingly, the defendant's post sentence motion requesting a new trial based upon the submission of evidence relating to his occupation as an attorney will be denied.

### III. *The Commonwealth Did Not Offer Improper Character Evidence Relating to Defendant's Occupation As an Attorney, and Defendant Is Not Entitled to a New Trial*

Defendant asserts that the Commonwealth argued at trial that his occupation as an attorney, "in and of itself, established his generalized propensities to lie and manipulate," and that such arguments were improper and prejudicial on three grounds. First, defendant asserts that because defendant did not offer at trial any evidence of his character whether associated with his occupation or otherwise, that the Commonwealth's mention of his occupation was prohibited under Pa.R.E. 404(a)(1).[1] Second, defendant argues that the Commonwealth's mention of defendant's occupation violates 42 Pa.C.S. §5918 which prohibits the eliciting of information from a per-

---

1. This rule provides that "Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except . . . [i]n a criminal case, evidence of a pertinent trait of character of the accused is admissible when offered by the accused, or by the prosecution to rebut the same."

son charged with a crime and called to testify regarding issues tending to show he has been of bad character. Finally, defendant asserts that the use of his occupation at trial amounts to a violation of both the United States and Pennsylvania constitutions based upon a denial of defendant's fundamental right to defend himself against criminal charges. The court finds these arguments to be without merit, and that defendant suffered no prejudice requiring a new trial by virtue of the Commonwealth's statements regarding his occupation.

The record does not support defendant's contention that the Commonwealth's evidence regarding his occupation established his propensity for dishonesty. Defendant cites to a portion of the Commonwealth's closing argument in which the Commonwealth states that "defendant is an attorney here. He knows he's got to create some doubt in your mind." (Trial transcript, p. 295.) The fact of defendant's occupation as an attorney goes to the issue of his knowledge of the law or perspective on the events at issue, *i.e.,* the defendant's legal training is such that he knows he must create reasonable doubt. The court does not believe, nor does defendant cite any authority for the proposition, that defendant's profession as an attorney raises a presumption of dishonesty. Moreover, the Commonwealth's questions were directed to defendant's knowledge based upon his experiences and not upon his character. Defendant also points to a section of the closing where the Commonwealth states the following: "This is a 33-year-old attorney who's been out drinking with a 21-year-old. Do you believe that he's going to give this guy his keys and say, here, you drive?" (Trial transcript, p. 303.) This question does not imply that defendant

should not be believed because he is an attorney. Rather, this statement by the Commonwealth raises the issue of whether it was reasonable to believe that an intelligent adult knowledgeable of the law would give his keys to a 21-year-old who had been drinking. A fair inference can be drawn from the evidence that the defendant would not have done so, as Shannon Morgan testified that the defendant refused Mike Mudra's offer to drive his car and told them that "nobody drives his car." (Trial transcript, p. 40.) Accordingly, the court finds no violation of the Rule of Evidence 404(a)(1) warranting a new trial.

Similarly, the court finds defendant's argument that the Commonwealth's mention of defendant's occupation violated 42 Pa.C.S. §5918 which provides that "[n]o person charged with any crime and called as a witness in his own behalf, shall be asked, or if asked, shall be required to answer any question . . . tending to show that he has been of bad character." Again, the flaw in defendant's argument in this regard is his failure to show any authority for the proposition that the mention of defendant's occupation as a lawyer sends a message to the jury that he is dishonest, and amounts to an attack on his character. Moreover, this statute, and the case law interpreting the same, deal primarily with revealing prior criminal records or pending criminal charges against a defendant, and have no applicability in the case at hand. See *Commonwealth v. Lee,* 297 Pa. Super. 216, 443 A.2d 904 (1982).

Finally, defendant's assertion that evidence of his occupation was an attempt to convict defendant on the basis of his occupation notwithstanding the burden of proof, and in violation of his rights under the United States and

Pennsylvania constitutions, is again without support in the record. The court finds no evidence whatsoever that there was any improper manipulation of the burden of proof. Moreover, defendant suggests a repeated, prolonged and extensive use of the defendant's profession by the Commonwealth. This is completely unsupported by the record. As set forth above, the Commonwealth at most mentioned defendant's occupation for purposes of showing why the testimony presented by the Commonwealth was more believable than that presented by the defendant. Such usage had nothing to do with bad character arising from defendant's status as an attorney, and absolutely did not alter the Commonwealth's burden of proof in this case. Moreover, the record clearly shows that the Commonwealth satisfied its burden of establishing beyond a reasonable doubt the elements of the crimes with which defendant was charged. Accordingly, the court finds no basis upon which defendant should be granted a new trial.

*IV. Defendant Is Not Entitled to a New Trial Based Upon Defendant's Assertion That the Commonwealth Submitted Evidence to the Jury Suggesting That Defendant Engaged in Criminal Activity for Which He Was Not Charged*

Defendant asserts that the Commonwealth lacked a good faith basis for claiming that defendant[2] intimidated

---

2. In his brief in support of post-trial motions, defendant asserts that the Commonwealth submitted evidence suggesting that defendant created evidence. In both his brief and post-trial motions, defendant fails to cite to any part of the record providing support for this assertion. Accordingly, the court will not consider this argument.

a witness. Specifically, defendant contends that the testimony of Shannon Morgan suggested that defendant attempted to intimidate her, that such testimony implies criminal conduct for which defendant was not charged, and in fact tainted the jury such that a new trial is required.

The remedy of a new trial is an extreme one that should only be ordered when an incident is of such a nature that the unavoidable effect is to deprive the defendant of a fair and impartial trial. *Commonwealth v. Johnson,* 719 A.2d 778, 787 (Pa. Super. 1998). During pretrial motions, it was established that Ms. Morgan's statement, which had been provided during discovery, was going to be used by the Commonwealth. In conformity with the limiting direction given by the court to the prosecution during pretrial argument, the Commonwealth presented evidence that Ms. Morgan was contacted by the defendant after the accident. (Pretrial transcript, pp. 4-5; trial transcript, p. 52.) During the trial, the court instructed the jury that Ms. Morgan's statement regarding her feelings of intimidation were irrelevant to the DUI charges pending against the defendant. This was done at the request of the defense, as the Commonwealth had originally charged the defendant with intimidation of witness under 18 Pa.C.S. §4952(a)(2), but had withdrawn the charge at the preliminary hearing. Moreover, the court asked defendant's counsel whether there was anything further that the court should advise the jury in this regard. Defendant's counsel stated that there was nothing further that the court should advise the jury. Nevertheless, evidence of defendant's occupation was relevant for purposes of explaining Ms. Morgan's initial reluc-

tance to testify and as to the defendant's state of mind. In sum, the court does not believe that Ms. Morgan's testimony had the effect of depriving defendant of a fair and impartial trial, such that a new trial is required.

## V. *The Verdict Was Not Against the Weight of the Evidence*

The trial court has discretion whether to grant a motion for a new trial based on a claim that the verdict was against the weight of the evidence. *Commonwealth v. Schwenk,* 777 A.2d 1149, 1155 (Pa. Super. 2001), citing *Commonwealth v. Gibson,* 553 Pa. Super. 648, 720 A.2d 473 (1998). The trial court's exercise of such discretion is proper when the verdict is so contrary to the evidence as to shock one's sense of justice. *Schwenk,* 777 A.2d at 1155. Accordingly, a new trial should not be ordered because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. *Widmer,* 560 Pa. at 320, 744 A.2d at 752.

Defendant argues that this court should exercise its discretion in this case to order a new trial, alleging that the DNA evidence submitted relating to the blood found on the visor of defendant's vehicle indicates conclusively that defendant was not the driver and thus the jury's verdict in this case shocks one's sense of justice.[3] The court

3. In paragraph 12, footnote 2, of his post sentence motion, defendant also asserts that the testimony of Tom Buchkoski, an eyewitness, should have been excluded. Defendant claims that he only became aware that Mr. Buchkoski would testify on the day of trial, and accordingly, that he was prejudiced. After an extensive on-record discussion, the court found that defendant was aware of Mr. Buchkoski's

disagrees and finds that the verdict in this case was not contrary to the weight of the evidence presented by the Commonwealth. First the Commonwealth presented a laboratory report and stipulation that defendant's blood alcohol level was .18 percent. (Trial transcript, pp. 97-98.) Two eyewitnesses testified that (1) they saw defendant in an intoxicated state the night of the accident, (2) that defendant got into the driver's side of the vehicle, and (3) that defendant drove away, they followed him and observed the accident. (Trial transcript, pp. 40-42 and pp. 75-78.) Though defendant's expert testimony regarding the DNA of blood found on the driver's side visor of defendant's vehicle may lend support to defendant's theory of the case, a conflict in testimony does not warrant a new trial.[4] *Widmer,* 560 Pa. at 320, 744 A.2d at 752. Accordingly, defendant's motion for a new trial on the grounds that the verdict is contrary to the weight of the evidence will be dismissed.

---

presence in the vehicle, and that Mr. Buchkoski was listed in discovery materials received from the Commonwealth. Accordingly, the court found that Mr. Buchkoski never gave any indication to defendant that he did not know who was driving, and permitted Mr. Buchkoski to testify. The court affirms its previous finding, and disagrees that defendant suffered any prejudice in this instance.

4. Defendant states that his accident reconstruction expert, William Wetzel testified "with certainty" that defendant was not the operator of the vehicle at the time of the accident, (trial transcript, p. 205), and that the Commonwealth's reconstruction expert could not contradict this testimony "with certainty." The court finds this argument to be meritless. As set forth herein, a difference in testimony does not warrant a new trial. *Widmer,* 560 Pa. at 320, 744 A.2d at 752. In addition, although the defendant vehemently argues otherwise, evidence submitted at trial as to the nature of the accident indicated that the small spot of blood on the driver's side visor did not necessarily have to come from the person driving the vehicle.

## VI. *The Court Did Not Commit Error in Its Charge to the Jury That They Could Infer That Defendant Was Incapable of Safe Driving If They Found His Blood Alcohol To Be .10 Percent or Greater*

Defendant claims that the court's instruction to the jury that it could infer defendant was incapable of safe driving if it found his blood alcohol level to be over .10 percent impermissibly shifted the burden of proof to defendant to prove that he was capable of safe driving. As such, defendant asserts he is entitled to a new trial.

The court disagrees. A trial court has broad discretion in the phrasing of jury instructions. *Commonwealth v. Rivera,* 565 Pa. 289, 302, 773 A.2d 131, 139 (2001). This instruction was in accordance with Pennsylvania Standard Criminal Jury Instructions 17.3731(a). Committee notes to this instruction state that this is a permissible inference based upon section 1547(d)(3) of the Vehicle Code, which provides in pertinent part

"If chemical testing of a person's breath, blood or urine shows:

"(3) That the amount of alcohol by weight in the blood:

"(i) of an adult is 0.10 percent or more . . . this fact may be introduced into evidence if the person is charged with violating section 3731." 75 Pa.C.S. §1547 (Purdon 2001).

Accordingly, the court finds that this jury instruction was proper and is not a sufficient basis for granting a new trial.

Wherefore, the court enters the following order:

## ORDER

And now, December 19, 2001, following consideration of the evidence and briefs submitted by the parties, the court hereby orders that defendant's post sentence motions be and are hereby denied.