J-S35025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRAHEEM M. HERBERT, | |
| Appellant | No. 2663 EDA 2015 |

Appeal from the Judgment of Sentence Entered August 20, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006142-2014

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JUNE 20, 2016**

Appellant, Braheem M. Herbert, appeals from the judgment of sentence of 10 to 20 years' incarceration, imposed after he was convicted of one count each of aggravated assault,[1] fleeing or attempting to elude a police officer,[2] simple assault,[3] recklessly endangering another person (REAP),[4] and the possession of a controlled substance.[5]  Appellant

---

[1] 18 Pa.C.S. § 2702(a).

[2] 75 Pa.C.S. § 3733(a).

[3] 18 Pa.C.S. § 2701(a).

[4] 18 Pa.C.S. § 2705.

[5] 35 P.S. § 780-113(a)(16).

challenges the sufficiency of the evidence to sustain his convictions.  After careful review, we affirm.

Appellant's convictions stem from an incident on March 29, 2014, where Appellant fled from police while operating a vehicle and ultimately crashed the vehicle, which resulted in injuries to the passenger.  Appellant was arrested and found guilty of the above-stated charges at a non-jury trial held on June 18, 2015.  On August 20, 2015, the trial court sentenced Appellant to 10 to 20 years' incarceration.  Following his sentencing, Appellant timely filed a notice of appeal.

On September 1, 2015, the court issued an order in conformance with Pa.R.A.P. 1925(b)(3), directing Appellant to file a concise statement of errors complained of on appeal within 21 days of the date of the order.[6] Thus, the deadline to file a Rule 1925(b) statement was September 22, 2015.  Appellant's concise statement of errors was clearly untimely, as it was not filed until October 1, 2015.  However, we have previously

_____

[6] The order also informed Appellant that:

> Failure to comply with this directive may be deemed as a waiver of all issues for appellate review.  **See Commonwealth v. Lemon**, 804 A.2d 34, 36-37 (Pa. Super. 2002) (finding that defendant's sufficiency of the evidence was waived where the 1925(b) statement merely stated that the "verdict was against the weight of the evidence" because the statement was too vague and "the functional equivalent of filing no [c]oncise statement at all").

Pa.R.A.P. 1925(b)(3) Order, 9/1/15.

determined that when an untimely Rule 1925(b) statement is filed "and the trial court has addressed those issues[,] we need not remand and may address the merits of the issues presented." ***Commonwealth v. Thompson***, 39 A.3d 335 (Pa. Super. 2012). Accordingly, to the extent that Appellant's issues have been addressed by the trial court in its 1925(a) opinion, we will overlook the untimeliness of Appellant's concise statement and address the merits of the issues contained therein.

Appellant presents the following two issues for our review:

1. Should the conviction for aggravated assault be reversed because the Commonwealth offered insufficient evidence of malice?

2. Should the convictions for simple assault, recklessly endangering another person and fleeing or attempting to elude a police officer be discharged on grounds of insufficient evidence?

Appellant's Brief at 4.

Before addressing Appellant's sufficiency claims, we review the facts of the incident which led to Appellant's convictions, as summarized by the trial court in the following portion of its Rule 1925(a) opinion:

On March 29, 2014, Pennsylvania State Trooper Edmond Homa was traveling eastbound on the Schuylkill Expressway when he observed a GMC Suburban swerving in and out of its lane of travel, which was in violation of Section 3309 of the Pennsylvania [M]otor [V]ehicle [C]ode. The vehicle also had an inoperable left brake light in violation of Section 4303[(b)] of the Code. Given these violations and his concern that the driver might be driving under the influence, Trooper Homa activated his lights and sirens in order to initiate a stop of the vehicle.

The speed limit for the Schuylkill Expressway is 50 miles per hour. At the time he activated his lights and sirens, Trooper

Homa was traveling about 60 miles per hour. In response to the trooper's activation of his lights and sirens, [Appellant] initially slowed down but then accelerated quickly. [Appellant] also drove past a wide left shoulder area where he could have safely stopped. During the pursuit, [Appellant's] vehicle was traveling up to 80 miles per hour as well as swerving in and out of its lane of travel. He also nearly "took out" a few vehicles that were traveling in the same direction and forced those vehicles out of their lane or to brake. As [Appellant's] vehicle approached an overpass, it abruptly exited onto the Roberts Avenue exit. As it swerved onto the exit, the vehicle rolled over several times. During the roll over, [Appellant] was ejected from the driver's side window of the vehicle. Tyrese McDaniels [(McDaniels)], a passenger in the vehicle, was also ejected from the vehicle and ultimately pinned underneath the vehicle, which came to rest upside down.

Trooper Homa and several other people were able to lift the vehicle off of McDaniels. At this time, McDaniels was unconscious, bleeding from the head, and suffering from multiple abrasions to his head. He was admitted to the hospital where it was determined that he had suffered multiple fractures to his right rib and a crushed collarbone. McDaniels was not wearing a seat belt at the time of the crash.

Trial Court Opinion (TCO), 10/29/15, at 1-2 (citations to record omitted).

Appellant first argues that the evidence presented at trial was insufficient to sustain his conviction of aggravated assault. Specifically, Appellant argues that the Commonwealth failed to establish the requisite malice to uphold an aggravated assault conviction. Appellant's Brief at 12, 17.

To begin, we note our standard of review:

In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact

- 4 -

finder. The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt.

*Commonwealth v. Koch*, 39 A.3d 996, 1001 (Pa. Super. 2011) (citations omitted).

It is well-settled that:

A person may be convicted of [a]ggravated [a]ssault graded as a first degree felony if he "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." 18 Pa.C.S.A. § 2702(a)(1).

*Commonwealth v. Fortune*, 68 A.3d 980, 984 (Pa. Super. 2013).

To prevail on a theory of recklessness in a prosecution for aggravated assault, the Commonwealth must show that the assailant's recklessness rose to the level of malice, a crucial element of aggravated assault. The malice that is required for aggravated assault is the same as that required for third degree murder. Malice consists of a "wickedness of disposition, hardness or heart, cruelty, recklessness of consequences, and a mind regardless of social duty, although a particular person may not be intended to be injured." *Commonwealth v. Pigg*, 391 Pa. Super. 418, 571 A.2d 438, 441 (1990), citing *Commonwealth v. Drum*, 58 Pa. 9, 15 (1868). Motor vehicle crashes seldom result in an aggravated assault conviction because of this heightened *mens rea*. However, in some circumstances the malice requirement has been met, and this court has not hesitated to uphold an aggravated assault or a third degree murder charge depending on the particular facts of a motor vehicle crash.

*Commonwealth v. Miller*, 955 A.2d 419, 422 (Pa. Super. 2008) (citations omitted).

Appellant avers that his conviction of aggravated assault should be reversed due to the Commonwealth's failure to prove beyond a reasonable doubt that he acted with malice. Appellant's Brief at 12. Appellant

acknowledges that he "drove at a high rate of speed" and that "after the trooper began his pursuit, [he] drove faster." *Id.* at 18. However, Appellant avers that his act of speeding and swerving the vehicle amount to no more than recklessly endangering another person. *Id.* at 19. We disagree with Appellant's conclusion.

In *Miller*, we dealt solely with the issue of whether the evidence presented was sufficient to establish that the appellant acted with the necessary *mens rea* to be convicted of aggravated assault. *Miller*, 955 A.2d at 422. Similar to the facts in the present case, in *Miller*, an officer witnessed the appellant speeding and driving erratically and signaled for him to pull over. The appellant eventually stopped, but when the officer pulled up next to him, "he 'gunned' the engine of his vehicle and fled the scene at a high rate of speed." *Id.* at 420. The appellant continued traveling at approximately 60 to 70 miles per hour, fishtailing around corners, and eventually speeding through a red traffic light and colliding with two other vehicles. *Id.* at 421.

As part of our analysis in *Miller*, we noted that, "[o]ur [S]upreme [C]ourt has … recently indicated that a conviction based on malice is appropriate where there is evidence of '*sustained recklessness* by a driver in the face of an *obvious risk of harm* to his victims.'" *Miller*, 955 A.2d at 422 (quoting *Commonwealth v. Kling*, 731 A.2d 145, 149 (Pa. Super. 1999) (emphasis added by *Kling*)). In *Miller*, we concluded that "there was a sustained pattern of reckless driving on numerous city streets for an

extended period of time." *Id.* at 423. We also stated that the appellant's blatant disregard of the officer's request to pull over and stop prior to the crash supported a finding of malice. *Id.* Additionally, we noted that "a motorist's conduct is more egregious if he does not apply his brakes or attempt to slow down before a collision than if he attempts to stop." *Id.* Thus, "[w]e must look at the cumulative facts of appellant's combined actions in addressing the sufficiency of evidence for an aggravated assault conviction." *Id.*

In the instant case, the evidence thoroughly analyzed by the trial court as summarized in its opinion, clearly supports the court's finding of aggravated assault and the required *mens rea*:

> [Appellant] was aware that Trooper Homa was attempting to stop him by the fact that he initially slowed down his vehicle. [Appellant's] sudden and aggressive acceleration to up to 80 miles per hour—more than 30 miles per hour over the posted speed limit—indicates his deliberate intent to attempt to get away from Trooper Homa regardless of the risk to his passenger who was seated next to him. [Appellant's] initial slowing down and then sudden acceleration of the vehicle confirms that [Appellant] had ample time to calculate the risk of driving at an excessively high rate of speed on a crowded highway. Additional evidence of [Appellant's] *mens rea* is that his vehicle swerved in and out of his lane and that he made a sudden exit off of the highway at an excessively high rate of speed. All of [Appellant's] actions occurred on a busy highway with several other vehicles in nearby traffic lanes. Last, the trial court recalls that [Appellant] may have applied the brakes during the initial portion of the video, but does not recall any effort by [Appellant] to slow down immediately before the crash.
>
> The aggregate of these circumstances is proof that [Appellant] was aware that his reckless conduct was nearly certain to result in a serious or fatal vehicle accident. By

disregarding the opportunity to safely pull over on a wide left shoulder area of the highway, aggressively accelerating to an excessively high rate of speed, fishtailing out of control on a highway with several other vehicles (requiring those vehicles to brake or swerve to avoid contact), disregarding the state trooper's lights and sirens to stop, and then making a sharp turn onto an exit, he consciously disregarded the substantial risk of causing death or serious bodily injury to McDaniels, who was the passenger in his vehicle. Indeed, the foreseeable consequences of his actions resulted in McDaniels being ejected out of the vehicle and ultimately pinned underneath the vehicle, which had rolled upside down. [Appellant's] "actions indicate the state of mind of a person who cares not whether he maims or kills another." **Miller**, 955 A.2d at 423.

TCO at 4, 5. After careful review, we are likewise satisfied that the evidence is sufficient to support a conviction of aggravated assault.

Appellant next challenges the sufficiency of the evidence to support his convictions for simple assault, REAP, and fleeing or attempting to elude a police officer. Appellant's Brief at 4, 12. Preliminarily, we note that "issues not raised in a Rule 1925(b) statement will be deemed waived for review." **Commonwealth v. Hansley**, 24 A.3d 410, 415 (Pa. Super. 2011). **See also** Pa.R.A.P. 1925(b)(4)(vii). As we explained in **Hansley**:

An appellant's concise statement must properly specify the error to be addressed on appeal. In other words, the Rule 1925(b) statement must be specific enough for the trial court to identify and address the issue an appellant wishes to raise on appeal. A concise statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no concise statement at all. The court's review and legal analysis can be fatally impaired when the court has to guess at the issues raised. Thus, if a concise statement is too vague, the court may find waiver.

**Id.** at 415 (internal quotation marks, brackets, and citations omitted).

- 8 -

Here, Appellant states his second issue in his brief as follows: "Should the convictions for simple assault, [REAP] and fleeing or attempting to elude a police officer be discharged on grounds of insufficient evidence?" Appellant's Brief at 4. However, in his Rule 1925(b) statement, Appellant merely states the following regarding these convictions:

1. [Appellant] was convicted of aggravated assault, fleeing or attempting to flee an officer, knowing and intentional possession of a controlled substance, simple assault and [REAP].

…

3. The accident followed a chase by a State trooper. The charge of [REAP] relates to other motorists who were on the highway. The charge of [REAP] does not relate to the injuries sustained by the victim.

Appellant's Pa.R.A.P. 1925(b) Statement, 10/1/15, at 1-2 (unpaginated).

Paragraph 1 consists only of a statement of fact that Appellant was convicted of the above-stated offenses. Paragraph 3 references only the REAP charge and fails to assert any sufficiency claim for any of the charges listed in Appellant's second claim on appeal. Thus, we are compelled to conclude that Appellant's challenge to the sufficiency of the evidence for his remaining convictions has been waived. *See Commonwealth v. Reynolds*, 835 A.2d 720, 732 (Pa. Super. 2003) (stating that the failure to raise an issue in a court ordered Rule 1925(b) statement results in the waiver of that issue on appeal).

Nevertheless, even if Appellant had properly preserved the remaining sufficiency claims, we would conclude that his second issue is meritless. The

- 9 -

offense of REAP is defined as follows: "A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S. § 2705.

> It is well settled that REAP is a lesser included offense of aggravated assault,
>
>> Once the prosecution has proved that an individual caused or attempted to cause serious bodily injury under circumstances manifesting an extreme indifference to human life, it also has established that the same person recklessly engaged in conduct that placed or may have placed another person in danger of death or serious bodily injury. Every element of reckless endangerment is subsumed in the elements of aggravated assault.

*Commonwealth v. McCalman*, 795 A.2d 412, 417 (Pa. Super. 2002) (quoting *Commonwealth v. Dobbs*, 682 A.2d 388, 391 (Pa. Super. 1996)) (emphasis in original omitted). Similarly, we have acknowledged that "[n]umerous cases state that simple assault is a lesser included offense of aggravated assault" and REAP. *Commonwealth v. Ferrari*, 593 A.2d 846, 849 (Pa. Super. 1991); *Commonwealth v. Brunson*, 938 A.2d 1057, 1061-62 (Pa. Super. 2007) (concluding "simple assault is a lesser included offense of [REAP] since the elements of simple assault are necessarily included in the offense of [REAP].")

> If each and every element of one offense is necessarily an element of a greater offense, the former offense is a lesser included offense of the latter. In order for one offense to be considered a lesser included offense of another, therefore, the commission of the greater offense must necessarily involve the commission of the lesser.

*Ferrari*, 593 A.2d at 848 (internal citations omitted). Accordingly, having already determined that the evidence was sufficient to sustain a conviction of aggravated assault, we also conclude the evidence supports Appellant's convictions of REAP and simple assault.

Finally, the offense of fleeing or attempting to elude a police officer has been defined, in relevant part, as follows:

> Any driver of a motor vehicle who willfully fails to bring his vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police officer, when given a visual and audible signal to bring the vehicle to a stop, commits an offense as graded in subsection (a.2).

75 Pa.C.S. § 3733(a). Based on the evidence, the trial court reasonably found Appellant guilty of this charge.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/20/2016