J-S18015-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
  :
JOEL BEVANS   :
  :
           Appellant   :   No. 1130 EDA 2020

Appeal from the PCRA Order Entered March 13, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001789-2012

BEFORE:   PANELLA, P.J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.:         **FILED AUGUST 2, 2021**

Joel Bevans appeals *pro se* from the order denying his first petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In the early morning hours of July 9, 2011, two Philadelphia Police Officers, Christopher Culver and Joseph Rapone, observed a moving vehicle with multiple violations of the Motor Vehicle Code.  When the patrolling officers activated their lights and sirens to stop the vehicle, it sped up and attempted to leave the area.  Bevans eventually exited the still moving vehicle from the passenger side and fled on foot, with the officers in pursuit.  At one point, Bevans turned and pointed a gun at Officer Culver.  In response, Officer Culver

_____

[*] Retired Senior Judge assigned to the Superior Court.

shot at Bevans and the bullet struck his shoulder. Bevans was taken to the hospital for a graze wound to his shoulder.

On October 11, 2012, a jury convicted Bevans of aggravated assault on a protected class member, possessing an instrument of crime, and three violations of the Uniform Firearms Act. On November 29, 2012, the trial court sentenced Bevans to an aggregate term of incarceration of eighteen to thirty-six years. This Court affirmed his judgment of sentence on June 25, 2014, and our Supreme Court denied his petition for allowance of appeal on November 18, 2014. *Commonwealth v. Bevans*, 926 EDA 2013 (Pa. Super. filed June 25, 2014) (unpublished memorandum), *appeal denied*, 104 A.3d 1 (Pa. 2014).

Bevans filed this timely PCRA petition on July 17, 2015. The PCRA court appointed counsel, who then filed a *Finley*[1] no-merit letter and a petition to withdraw. Thereafter, Bevans privately retained counsel, who filed two amended PCRA petitions. The PCRA court held an evidentiary hearing only as to a claim of after-discovered evidence. On March 13, 2020, the PCRA court entered an order dismissing the PCRA petition. This timely appeal followed.[2]

---

[1] *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988 (*en banc*).

[2] On June 3, 2020, counsel filed with this Court a motion to withdraw, indicating that Bevans has not retained him for purposes of this appeal. This Court granted the motion to withdraw and directed the PCRA court to
*(Footnote Continued Next Page)*

Bevans presents multiple issues challenging the effective assistance of trial counsel. Basically, Bevans asserts counsel was ineffective for failing to request that jury instructions include various lesser-included offenses and failing to object to numerous instances of evidence presented by the Commonwealth.

Our standard of review for an order denying PCRA relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. *See Commonwealth v. Phillips*, 31 A.3d 317, 319 (Pa. Super. 2011). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *See id*.

Concerning ineffective assistance of counsel arguments, we presume counsel is effective, and the appellant bears the burden to prove otherwise. *See Commonwealth v. Bennett*, 57 A.3d 1185, 1195 (Pa. 2012). The appellant must demonstrate: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different. *See Commonwealth v. Solano*,

---

determine Bevans' eligibility for court-appointed counsel. *See* Order, 6/29/20. Pursuant to our order, the PCRA court held a hearing and determined Bevans is not eligible for court-appointed counsel.

- 3 -

129 A.3d 1156, 1162-1163 (Pa. 2015). Failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *See Commonwealth v. Jones*, 815 A.2d 598, 611 (Pa. 2002).

When it is clear that an appellant has failed to meet the prejudice prong of an ineffective assistance of counsel claim, the claim may be disposed of on that basis alone, without a determination of whether the first two prongs have been met. *See Commonwealth v. Baker*, 880 A.2d 654, 656 (Pa. Super. 2005). We are mindful that prejudice requires proof that there is a reasonable probability that but-for counsel's error, the outcome of the proceeding would have been different. *See Commonwealth v. Pierce*, 786 A.2d 203, 213 (Pa. 2001).

Bevans first argues that trial counsel was ineffective for failing to request a jury instruction on the lesser-included offense of aggravated assault for attempting to cause bodily injury to a police officer. He contends the instruction should have been given as an alternative to the charge of aggravated assault for attempting to cause serious bodily injury to a police officer, the crime for which Bevans was convicted. We disagree.

There is no duty on a trial judge to charge a jury upon law which has no applicability to the presented facts. *See Commonwealth v. McClain*, 587 A.2d 798, 803 (Pa. Super. 1991). "A defendant is entitled to ... an instruction on a lesser included offense only where the evidence in the record would

permit the jury to find, *rationally*, the defendant guilty of the lesser included offense but not the greater offense." ***Commonwealth v. Ferrari***, 593 A.2d 846, 849 (Pa. Super. 1991) (emphasis in original). The mere possibility that the jury may believe part but not all the Commonwealth's evidence is not sufficient to require the trial court to charge the jury on a lesser included offense than that which the prosecution witness testifies has been committed. ***See id***. at 850.

We have reviewed the briefs of the parties, the relevant law, the certified record and the PCRA court opinion authored by the Honorable Glenn B. Bronson. We conclude that the PCRA court's opinion accurately addresses Bevans' claim of ineffective assistance and properly determines that trial counsel was not ineffective for failing to request the jury instruction. ***See*** PCRA Court Opinion, 11/5/20, at 5-7. Specifically, we agree that the facts presented establish that Bevans attempted to shoot a police officer and that the gun malfunctioned in the process. This conduct demonstrates an intent to cause serious bodily injury. Accordingly, we adopt the opinion of the PCRA court as our own as to the determination of this issue of alleged trial counsel ineffective assistance.

Similarly, in his second issue, Bevans argues that trial counsel was ineffective for failing to request a jury instruction on the lesser-included offense of simple assault. He again claims the requested instruction should

have been given as an alternative to the charge for aggravated assault for attempting to cause serious bodily injury to a police officer. This claim fails.

We discern two differences between the offense for which Bevans was convicted of committing and the crime of simple assault. The differences are the degree of bodily injury attempted by Bevans and whether the victim was a member of a protected class.

As we noted in his first issue, the jury convicted Bevans of the crime requiring proof of an attempt to cause serious bodily injury. The fact that Bevans attempted to discharge a firearm while it was pointed at a police officer supports this determination and negates the claim that a lesser included offense charge for simple assault was appropriate. *See Ferrari*, 593 A.2d at 849-850. Moreover, it is undisputed that the intended victim was a police officer, and therefore a member of a protected class under the statute.[3]

Bevans would have been entitled to an instruction on simple assault only if the evidence of record would permit the jury to find, rationally, that Bevans was guilty of only the lesser included offense but not the greater offense. *See Ferrari*. Here, the evidence supported the greater offense of aggravated assault for attempting to cause serious bodily to a police officer. Therefore,

_____

[3] Pursuant to the Crimes Code, police officers, while in the performance of their duty, are among the members of the protected class. *See* 18 Pa.C.S.A. §§ 2702(a)(2) and (c)(1).

Bevans was not entitled to an instruction on the offense of simple assault. Accordingly, trial counsel was not ineffective for failing to request this jury instruction and Bevans' contrary claim lacks merit.

Bevans also argues that trial counsel was ineffective for failing to object to various instances of character evidence presented by the Commonwealth. Specifically, Appellant asserts trial counsel should have objected when the Commonwealth presented evidence of Officer Culver's clean shooting record, Bevans' presence in a high crime area, and the fact that both officers involved in the incident had children.

Regarding Bevans' claim that trial counsel was ineffective for failing to object to testimony about the officer's clean shooting record, we discern no merit to the underlying claim. Our Supreme Court has stated, "[E]vidence of a victim's nature can be properly admitted to explain the victim's actions and support the Commonwealth's theory of the case." ***Commonwealth v. Philistin***, 53 A.3d 1, 13 (Pa. 2012) (citation omitted). ***Philistin*** involved the shooting of two police officers by the defendant, and our Supreme Court held that, in order to rebut a claim that the victims were rogue officers, the Commonwealth properly presented evidence of their commendations, military and police career, personnel records, and both officers' reputation for professionalism. ***See id***.

Again, we have reviewed the briefs of the parties, the certified record, the relevant law, and the opinion authored by the PCRA court. We conclude that the PCRA court properly addressed Bevans' claim of ineffectiveness and correctly determined that the evidence that the victim had not previously fired his service weapon was admissible to rebut Bevans' allegation that the officer randomly shot Bevans as he fled. *See* PCRA Court Opinion, 11/5/20, at 8-9. Hence, an objection by defense counsel would have been overruled. Accordingly, there is no merit to the underlying issue and this claim of ineffective assistance fails.

In addition, Bevans claims that trial counsel offered ineffective assistance for failing to object to the testimony that Bevans was in a high-crime area. During direct examination, both officers testified that on the night of the incident they were patrolling the area in question, which they described as a high-crime area. *See* N.T., 10/10/12, at 68-69, 106-107. As the PCRA court aptly states, "[A]t no time did either officer state, or even imply, that [Bevans'] presence in that area implied that he possessed bad character." PCRA Court Opinion, 11/5/20, at 10. Indeed, our review of the record reflects that the Commonwealth was not attempting to interject facts that were not relevant to the case. Rather, the statements from the officers were offered to explain their assignment to the location on the night of the incident. Hence, there is no merit to the underlying issue presented in this claim. Consequently, Bevans' claim of ineffective assistance in this regard fails.

Bevans also argues that trial counsel was ineffective for failing to object to evidence that the officers were parents to young children. Bevans claims that this evidence denied him of a fair trial because it created sympathy for the officers with irrelevant evidence.

Having thoroughly reviewed this issue, we conclude that the underlying issue lacks merit. As the PCRA court stated, "[W]hen the character of officers is attacked in an effort to prove that they are rogue and committed misconduct, and that [the] defendant is a blameless victim of police misconduct, the Commonwealth may offer evidence of the officers' background as fair reply to the attack." PCRA Court Opinion, 11/5/20, at 10 (citing **Philistin**). The passing references to the officers' family life was a fair reference to rebut the characterization of the officers by Bevans. Consequently, this claim is meritless, and trial counsel was not ineffective in failing to raise it.

Last, Bevans argues that trial counsel was ineffective for failing to object to the introduction of Officer Culver's prior consistent statement during the subsequent investigation of the crime. Bevans contends that the introduction of Officer Culver's statement was unfairly prejudicial.

Under Pa.R.E. 613(c), a prior consistent statement is received for rehabilitation purposes and not as substantive evidence. The comment to Rule 613 explains that the rule "is consistent with Pennsylvania law in that the

prior consistent statement is admissible, but only to rehabilitate the witness." Pa.R.E. 613, Comment. This Court has long held that prior consistent statements may be used only for the purpose of rehabilitating a witness's credibility to the extent that the witness's testimony was challenged. *See Commonwealth v. Polston*, 616 A.2d 669, 675 (Pa. Super. 1992). This Court further held that a prior consistent statement that augments or supplements a witness's trial testimony is inadmissible. *See id*.

Assuming for the sake of argument that there is merit to the underlying claim and that trial counsel lacked a reasonable basis for failing to object, we conclude Bevans has failed to establish that he suffered prejudice. As the PCRA court accurately observes, during the investigation of the incident, "Officer Culver gave a statement to Lieutenant Steven Nolan." PCRA Court Opinion, 11/5/20, at 11. Our review substantiates that during the trial both Officer Culver and Lieutenant Nolan testified that Officer Culver gave a statement to the lieutenant. N.T., 10/10/12, at 57-59, 91-92.

Although the statement was moved into evidence, the transcript was not read in court, and it was neither shown nor given to the jury. Accordingly, the jury was never informed of the content of the statement. Hence, the jury did not know whether Officer Culver's statement was a prior consistent statement or a prior inconsistent statement. Rather, the testimony offered by the two men only informed the jury that during the investigation, Officer Culver gave a statement. Bevans fails to establish that if the jury had not

- 10 -

known that Officer Culver made a statement to an investigator, it would have weighed the evidence presented by the Commonwealth differently. Accordingly, Bevans has failed to establish prejudice and is not entitled to relief on this claim that trial counsel provided ineffective assistance.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/2/2021